HEARD NOVEMBER TERM, 1874.

## SMITH & MELTON *vs.* WALKER.

Where copartners sue, their individual names should appear in the title of the action, and not the name of the copartnership only.

The date of a summons not being a necessary part of it, an attachment thereon is not irregular and void because it bears date two days before the date of the summons. The existence of the summons at the date of the attachment may be shown by evidence *aliunde.*

Where the application for an attachment is based on the ground that the debtor has absconded or concealed himself, or has assigned, disposed of or secreted his property, or is about to do so, with intent to defraud his creditors, the affidavit must state the facts upon which the application is founded; but where the ground is that the defendant is a non-resident of the State, it is enough to state that fact, without other facts and circumstances.

In the case of a non-resident defendant, a summons may be considered as issued within the intent of § 250 of the Code as soon as it is made out and an application founded on it for an attachment.

That the affidavit on which an application for an attachment is made does not state the time from which interest on the claim is to be computed, is not such an irregularity as avoids the attachment.

Nor is it such an irregularity that the warrant recites the causes of action as consisting of two notes and the affidavit shows one to be an open account.

Where the service of the summons is by publication, the defendant, in the absence of proof to the contrary, must be presumed to have had notice of the pendency of the proceedings.

A party desiring to have an irregularity corrected must proceed at the first opportunity or offer a reasonable excuse for not having done so.

BEFORE MACKEY, J., AT CHESTER, JANUARY TERM, 1874.

This was a motion to vacate and set aside an attachment and judgment recovered in an action by Smith & Melton against Jerre T. Walker.

The summons in the action bore date the 4th December, 1871, and the judgment was entered February 22d, 1872. The complaint set forth two causes of action—one an open account and the other a promissory note.

The affidavit upon which the application for an attachment was founded bore date December 2d, 1871, and is as follows:

"Personally appeared George W. Melton, one of the firm of Smith & Melton, who, being duly sworn, deposeth and saith that Jerre T. Walker is justly indebted to them, on account for goods, wares and merchandise furnished, in the sum of $3,539.56, besides interest on the same, and $154.50 on a certain promissory note, besides interest on the same; and that a good cause of action exists in the plaintiffs against the said Jerre T. Walker for the said sums of money; and that the said Jerre T. Walker is not a resident of

this State, and has departed therefrom to avoid the service of a summons, and has disposed of his property with intent to defraud his creditors."

The warrant of attachment bore date December 2d, 1871. It recited that "whereas George W. Melton, one of the firm of Smith & Melton, upon oath, complained that Jerre T. Walker is justly and truly indebted to them in the sums of $3,500 and $150, besides interest, by his certain notes, and that the said Jerre T. Walker is not a resident of this State, and has departed therefrom to avoid the service of a summons, and has disposed of his property with intent to defraud his creditors," and was levied on defendant's property on the same day it bore date.

The affidavit to obtain an order for publication and the order for publication made by the Probate Judge were dated December 4th, 1871.

On the 18th December, 1871, two creditors of Walker—W. H. Carter and G. D. Heath—sued out warrants of attachment against him, and on the 28th December, 1871, they moved His Honor Judge Thomas to vacate the plaintiffs' attachment, on the same ground now taken before His Honor Judge Mackey. The motion was refused.

On the 3d day of May, 1872, Jerre T. Walker was adjudicated bankrupt, and on the 24th September, 1872, J. S. R. Thomson and T. S. Jeffreys were appointed his assignees.

The plaintiffs submitted an affidavit made by their attorney, in which he stated that the summons was made out on the 2d December, 1871, and dated on that day, and that he afterwards changed the date to the 2d December, 1871, the day on which the order for publication was made, and that he kept the summons in his possession because he knew the defendant was out of the State.

It further appeared that on the 20th November, 1872, G. D. Heath moved a second time, before His Honor Judge Mackey, for an order vacating the attachment, on the same ground as that on which the motion was made before Judge Thomas, and that the motion was refused.

The motion now made was made by J. S. R. Thomson and T. S. Jeffreys as assignees of Walker. It was refused, and the following opinion and order filed by His Honor:

MACKEY, J.   J. S. R. Thomson and T. S. Jeffreys, as assignees of Jerre T. Walker, bankrupt, on the 2d day of January, 1874, gave notice to Smith & Melton, plaintiffs above, that on the     day of January, 1874, they would move before me for an order vacating the attachment and judgment in the above entitled case, upon the ground that the Court had no jurisdiction in the cause, and for such other and further relief as may be just.

This motion came on to be heard before me on the     day of January, 1874.   The counsel for the assignees of Jerre T. Walker submitted in evidence the summons and complaint in the above action, the affidavit of George W. Melton to obtain warrant of attachment, the attachment bond, warrant of attachment, the affidavit of George W. Melton to obtain order for publication of summons, affidavit of James T. Wells, clerk of the printer of the Phœnix, with copy summons as published, return of Sheriff as to property levied upon under attachment, the order for judgment, judgment, the order in the United States Court adjudicating Jerre T. Walker a bankrupt, the assignment of the estate of the said bankrupt to the assignees, J. S. R. Thomson and T. S. Jeffreys. The respondent put in evidence the certificates of W. I. Clawson, Register in Bankruptcy, that Jerre T. Walker was adjudicated a bankrupt on the 3d May, 1872, and finally discharged on the 18th December, 1872.   That no creditors had ever proven any debts against the estate of the above named bankrupt.   In reply, the counsel for the assignees introduced in evidence the schedules of debts due by the bankrupt and the amount of his assets.

The counsel for the assignees, upon the records and papers submitted, contended that the attachment issued and judgment rendered thereupon were absolutely void.

Whatever may have been the force of the objections to the attachment, it will not be necessary for me to consider here, as my decision upon this motion will rest upon grounds which seem to me to be a complete bar to the right of these assignees to litigate these matters in this proceeding.   It is proposed by them to set aside proceedings in attachment and the judgment of the Court, rendered February 22, 1872.

It appears by the testimony that no creditors have ever proved their debts against the bankrupt, and that he has been finally discharged.   Assignees are trustees for the general creditors of the bankrupt; and if it appears that there are none such, then they rep-

resent no one and are *functus officio.* Without first going into the Bankrupt Court, and by petition reopening the whole case, upon motion of certain creditors, I do not see how they have any capacity whatever to carry on any proceedings in this Court. But if they had, I do not think they would be permitted to question the executed contracts of the bankrupt, or to assail a judgment of a Court of competent jurisdiction against the bankrupt, rendered prior to his being adjudicated as such. This matter, in different guises, has twice before been passed upon by this Court.

On the 26th December, 1871, in this identical case, W. Harper Carter and G. D. Heath, junior attaching creditors, on motion, were heard before the Hon. Wm. M. Thomas, upon a motion to vacate and declare void the attachment herein for irregularities. Judge Thomas, after arguments heard, dismissed the motion by an order of record in this case, dated and filed January 20th, 1872. Subsequently, on the 20th November, 1872, G. D. Heath made a motion, after notice given, to vacate and declare void the attachment and judgment in the case of *Smith & Melton* vs. *Jerre T. Walker*, which judgment the said Smith & Melton had obtained from the Court on the 22d February, 1872, for their debt, interest and cost. Upon hearing that motion, I then decreed that, as the objections then urged to the attachment were the same as appeared to have formed the subject matter of the motion before Judge Thomas and between the same parties, I was bound by his decision and order; that the matters were *res judicatæ*—to which effect my order of the date of 20th November, 1872, was made. In the present motion, I see not the slightest change either in the parties or subject matters of the objection. The motion is made in the case of *Smith & Melton* vs. *Jerre T. Walker.* The assignees of Jerre T. Walker, who afterwards became bankupt, are as much bound by the two former decisions as he would have been himself. He was a party to the record, and bound by every adjudication in the cause, and his assignees can have no better right than he had.

It is, therefore, ordered that the motion of J. S. R. Thomson and T. S. Jeffreys, assignees of Jerre T. Walker, the bankrupt, be dismissed, and that Smith & Melton have the costs of this motion.

J. S. R. Thomson and T. S. Jeffreys excepted to the order and appealed on the grounds:

1. Because it decides that the question of the validity of the attachment and judgment in this action is *res adjudicata*, when the defendant has never appeared in the action, and neither the defendant nor these assignees have ever been parties to any proceedings to vacate said attachment and judgment.

2. Because it decides that the assignees have no interest in this matter, whereas they are the legal owners of all the bankrupt's estate, rights and credits, and are required and empowered to collect and recover the same for the benefit of creditors who have or may establish their claims before the distribution of assets; or, if no such claims should be established, then for the benefit of the bankrupt himself.

3. Because it does not decide that the attachment and judgment in this action are invalid and void.

*Patterson & Gaston*, for appellants.

*Hamilton*, contra.

April 29, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The plaintiffs are not properly named in the title of the appeal. Their individual names should appear, and not the copartnership name under which they transact business. A partnership, as such, cannot sue or be sued. The individuals constituting the copartnership may sue jointly, but their names must individually appear on the record. The objection was not made by the parties, and is only mentioned to check a practice inconsistent with technical accuracy of procedure.

The appeal brings up the question of the regularity of an attachment and a judgment based upon it. The attachment was issued December 2, 1871. Judgment was entered on the 22d of February, 1872.

The defendant, J. P. Walker, was adjudicated a bankrupt by an order of the United States District Court, made May 2, 1872, and his estate assigned to Thomson and Jeffreys, September 24, 1872.

The motion below was made by the assignees in bankruptcy. The defendant appears to have been a non-resident of this State, and has not appeared in the action or joined in the present motion.

No question is presented to this Court involving the effect of the defendant's discharge in bankruptcy upon the judgment; nor is

there any attempt made in the present motion to give effect to the discharge as against the judgment. The only question raised by the appeal relates to the regularity of the proceedings upon the attachment in the Circuit Court.

The conclusions of the Circuit Judge in refusing to set aside the judgment and attachment appear to be correct. The right of the assignees to contest the regularity of the attachment and judgment was contested on the ground that no debts had been proved in bankruptcy, and that the bankrupt had been discharged.

It will not be necessary to consider how far the Circuit Court can look into the state of proceedings in the Bankrupt Court to determine whether the authority of the assignees over the assets had ceased, for it is clear that no irregularity has occurred of which advantage can be taken, assuming the full right of the assignees to represent the defendant in the attachment and judgment. The attachment and judgment were both in force prior to the adjudication in bankruptcy.

It is claimed that the attachment is irregular and void, because it bears date December 2, 1871, whereas it appears on the face of the summons that it was issued December 4, 1871, two days after the attachment was issued. This objection is taken under Section 250 of the Code of Procedure. That Section authorizes the issuing of a warrant, in certain cases, "at the time of issuing the summons, or at any time afterwards." It also adds as follows: "and for the purposes of this Section, an action shall be deemed commenced when the summons is issued." It also contains the further provision that "personal service of such summons shall be made, or publication thereof shall be commenced, within thirty days." The attachment issues either in an action on contract for the recovery of money only, or in action for the wrongful conversion of personal property.

The cases in which it issues are: First, where the defendant is a foreign corporation; second, where the defendant is a non-resident of this State; third, where he has absconded or concealed himself; fourth, where a corporation or person has assigned, disposed of or secreted his property, or is about to do so, with intent to defraud his creditors. Had the validity of the present attachment rested wholly on the sufficiency of the statement contained in the affidavit on which it was founded, to the effect that the defendant "has departed therefrom to avoid the service of a summons, and has disposed of his property with intent to defraud his creditors," a

serious question of irregularity would have been presented; for charges of this nature should be supported by a statement of the facts on which they are founded.  But the additional ground stated for the issuing of the attachment, namely, that the defendant is a non-resident of this State, is sufficiently stated in the affidavit by merely setting forth that fact, without other facts and circumstances.

The facts disclosed on the motion to set aside the attachment and judgment were, that the summons was actually made out at the time the application was made for the warrant of attachment, but was afterwards altered, as it regards the date, to a time two days after such application.

The date placed upon a summons is not a necessary part of the summons, and is not enumerated as such among the requisites of a summons by Section 151.  The effect of the summons on the defendant's rights depends wholly on the day of its service, and not in any respect upon the date usually placed on the summons itself.  It would not be an irregularity if the date was omitted, nor can an error committed in dating affect the regularity of the summons.  This results from the fact that the defendant cannot be prejudiced by such error, his time to plead being governed by the day of service, and the time of the commencement of the action depending on when it was lodged or delivered for service.

It is apparent that there was a summons in existence at the time the application for the attachment was made.  But the parties contend that such summons was not issued in the sense of Section 250 at the time of the application for the attachment.  In order to construe the meaning of the term "*issue*," as applied to the present case, we must inquire whether there was any act to be performed by the plaintiffs' attorney after he had made out the summons and previous to his making his application for an attachment.  He was not bound to place it in the hands of the Sheriff for service.  The service of a summons may be made by any person not a party to the action.—§ 156.  When the defendant is known to be a non-resident, and actually absent from the State, it would be useless to go through the forms of placing the summons in the hands of any person for service, and the Code does not require it.  The proper mode of service in that case is by publication—an act performed under the direction of the attorney for the plaintiff in accordance with the order of publication.  There is no good reason why the

attorney may not retain the summons in his own hand in order that it may be attached to and filed with the proof of service by publication.

In the case, then, of a non-resident, the summons must be regarded as issued, within the intent of Section 250, as soon as it is made out and an application founded on it for an attachment.

The objection that the affidavit did not state the time from which interest should be computed, is not substantial. If the plaintiff does not sufficiently state one of the several items that go to make up the amount of his demand, he is liable to have the effect of his attachment limited to that portion of his claim which is capable of computation. It is, therefore, the interest of the plaintiff, rather than of the defendant, that the amount of the plaintiff's claim should be distinctly stated. It does not appear that the amount attached was excessive, and there is no ground to interfere with the proceedings.

The objection that the recitals of the warrant of attachment are not conformable to those of the affidavit on which it was granted, cannot prevail at the present time. The attachment states the two causes of action as separate sums demanded, as both arising on notes, while the affidavit states that one of these causes of action was on account of the sale of goods, &c. This variation was, at most, an irregularity, of which advantage could only be taken by a motion made in due time to the Court issuing the warrant, on the ground of irregularity.

The warrant was issued in December, 1871, and the judgment was entered in February, 1872. The notice of motion to set aside the attachment and judgment was given in January, 1874. In the absence of proof to the contrary, it must be assumed that the defendant received actual notice of pendency of the proceedings from the publication of the summons under the order of publication, that being the mode of giving notice prescribed by law. The notice must be held sufficient to put him on inquiry as to what proceedings had taken place, and, therefore, to charge him presumptively with notice of the attachment. The date of publication is not stated, but it may properly be assumed to have followed immediately after the order of publication, which bears date December 4, 1871.

Under these circumstances, it would appear that due diligence had not been exercised in order to take advantage of the irregularity

of the attachment. A party desiring to have an irregularity corrected must proceed at the first opportunity, or offer a reasonable excuse for not having done so. This does not appear to have been done.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.