## LOOKOUT MOUNTAIN MEDICINE CO v. HARE & CO.

1. PRACTICE—DEMURRER.—A MAGISTRATE, after overruling a demurrer and taking the testimony, may reconsider such order, and reverse it at any time before case is decided on its merits.

2. PLEADINGS—CORPORATE CAPACITY.—Failure to allege in magistrate summons that plaintiff is a corporation, with corporate capacity to sue, is good ground for demurrer.

3. PRACTICE—AMENDMENT PLEADINGS—WORDS AND PHRASES.—MAGISTRATE, after sustaining demurrer to complaint, may grant plaintiff leave to amend. Order by magistrate granting plaintiff "leave to amend as he may be advised," under practice in that court, construed to mean by inserting allegations of corporate capacity.

Before BUCHANAN, J., Lexington, June, 1899. Reversed.

Action on account by Lookout Mountain Medicine Co. against W. A. Hare & Co. in magistrate court. From order of Circuit Judge sustaining defendants' appeal from magistrate, plaintiff appeals on following exceptions:

1. Because the Court erred in holding that the magistrate should have sustained the defendants' demurrer to the summons and complaint in said case, in that it did not state that plaintiff is a corporation, partnership or individual, and such omission destroys the capacity of plaintiff herein to maintain its action and destroys the jurisdiction of the said magistrate court in said case.

2. Because the Court erred in holding that the magistrate erred in refusing a nonsuit in above stated case, when the plaintiff announced that he closed, for the reason that at said time the plaintiff had failed to prove its corporate existence, with power to sue and be sued, when the answer of the defendants had denied such corporate existence.

3. Because the Court erred in holding that the magistrate erred in allowing the plaintiff ten days in which to amend his complaint as he may be advised, and in assigning for such ruling that the magistrate was without power to allow such amendment.

4. Because the Court erred in sustaining the defendants' second, third, fourth, sixth and seventh exceptions to the magistrate's ruling; when said exceptions referred entirely to the facts and merits of the case, which had not been passed upon by the magistrate, and which, therefore, were not properly before the Circuit Court upon appeal.

*Messrs. Meetze & Muller,* for appellant, cite: *Omission of allegation as to corporate capacity does not destroy the capacity of the plaintiff to maintain the action, or the jurisdiction of the Court:* Code, 88, sub. 5; 25 S. C., 318; 30 S. C., 172; 29 S. C., 258; 12 S. C., 4.

*Mr. E. L. Asbill,* contra, cites: *Failure to allege corporate capacity, fatal:* 6 S. C., 169; 20 S. C., 460. *Plaintiff waived privilege of amending by going into trial after demurrer was overruled:* Code, 368, sub. 2.

March 3, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The following statement appears in the "Case" as prepared for argument here: "This is an action by the plaintiff against the defendants in the magistrate's court for the recovery of $30.88 for medicines sold and delivered to defendants. The defendants demurred to the proceeding for the reason that it does not appear by the summons and complaint that the plaintiff is a corporation, partnership or individual, and such omission destroys the capacity of said plaintiff herein to maintain its action, and destroys the jurisdiction of the court, it no where appearing that the plaintiff has a corporate existence, with power to sue or be sued. The magistrate overruled the demurrer, whereupon the defendants filed an answer, and the testimony in the case (was?) taken by the magistrate. Before the magistrate decided the case upon its merits, he reconsidered the defendants' demurrer to the summons and complaint, and passed an order sustaining the demurrer, but allowed the plaintiff ten days in which to amend his complaint as advised. From this order both plaintiff and defendants appealed to the Circuit Court. The Circuit Judge sustained defendants' grounds of appeal, sustaining the magistrate's ruling, sustaining the demurrer, but holding that the magistrate was without power to grant the plaintiff leave to amend. And in hearing said appeal also sustained the defendants' grounds of appeal from the magistrate's ruling upon the testimony taken in the case, while the case had not been decided by the magistrate upon its merits. From such ruling of the Circuit Judge this case now comes up on appeal to this Court by way of exception on the part of the plaintiff." This statement is followed by a copy of the summons

in the usual form in a magistrate's court for an action on account for goods sold and delivered, but it contains no allegation that the plaintiff is either a corporation, invested with power to sue and be sued, or that it is a partnership composed of certain specified persons.    To the summons is appended a verified account, with items and dates stated—which verification is made by one H. F. Shann, in which, amongst other things, the statement is made "of which firm he is secretary and treasurer."    Then follows the demurrer of defendants based upon two grounds : 1st, the lack of any allegation that the plaintiff is either a corporation or a partnership; 2d, because the facts stated in "the summons and complaint" are not sufficient to constitute a cause of action.    This is followed by the answer of the defendants, in which three defenses are set up—the first being a general denial of "each and every allegation in plaintiff's summons and complaint," and the other two defenses not being pertinent to the questions presented by this appeal, need not be stated.    It seems that the case was heard by the magistrate on the 25th of May, 1899, and that the magistrate reserved his decision, for the next paper which we find in the "Case" is an order of the magistrate, bearing date the 27th of May, 1899 (two days after the hearing), in which he states that, "after mature deliberation," he was convinced that he had erred in overruling defendants' demurrer at the hearing, and he, therefore, ordered that the said demurrer be sustained, and that plaintiff have ten days in which to amend "as he may be advised." From this action of the magistrate the plaintiff appealed to the Circuit Court upon the ground that the magistrate had erred, in sustaining defendants' demurrer; and the defendants also appealed "from the findings, rulings, order and judgment" of the magistrate upon seven grounds set out in the "Case :" 1st, that the magistrate erred in not sustaining the demurrer of defendants.    The 2d, 3d and 4th grounds, imputing errors in the rulings of the magistrate as to the testimony taken in the case, and the 5th, imputing error to the magistrate in refusing the motion for a nonsuit, not be-

ing pertinent to the case, as now presented, need not be considered and will not now be passed upon.    The 6th imputes error to the magistrate in undertaking to reconsider his ruling as to defendants' demurrer, at the hearing, and to correct his own error.    The 7th ground imputes error to the magistrate because his "findings and rulings and judgment" are "against the weight of the testimony."    Under these appeals the case came before his Honor, Judge Buchanan, who rendered judgment in the following form: "The above case came before me on appeal from the magistrate court.    After considering the said appeal and hearing argument *pro* and *con,* on motion of E. L. Asbill, attorney for the defendants, appellants, it is ordered, that the appeal of the defendants, appellants, be sustained."    From this judgment the plaintiff appeals upon the several grounds set out in the record, which will be incorporated by the Reporter in his report of this case.

We have been thus particular in setting out the various steps which have been taken in the Circuit as well as in the magistrate's court, for the reason that it is somewhat difficult to understand precisely what are the questions properly before us for decision.    From the record before us it seems very clear that the magistrate never rendered *any* judgment as to the merits of the case; for, so far as such record shows, the only thing which he did was to grant the order of the 27th of May, 1899, above referred to, which in no way touched the merits of the case, but simply decided that the demurrer was well taken, and must, therefore, be sustained, with leave to the plaintiff to amend.    And yet the Circuit Judge has sustained the defendants' appeal, which was based, not only upon the ground that the magistrate had erred in overruling the demurrer, but also upon grounds touching the merits of the case, which have never been decided; and as the order of the Circuit Judge simply sustains the defendants' appeal, without giving any reasons, and without specifying any of the grounds upon which such appeal was sustained, we are bound to assume that he sus-

tained the appeal upon all of the grounds taken by defendants; and, therefore, if any one or more of these grounds are untenable, then there is error in that respect, at least. But, as it seems to us, none of these grounds were tenable; for the first ground imputes error to the magistrate for not sustaining the demurrer, when the record shows that the magistrate did, in express terms, sustain the demurrer, and granted leave to plaintiff to amend—and for that reason, no doubt, he did not pass upon the merits of the case. As to the 2d, 3d, 4th, 5th and 7th grounds, relating to the merits of the case, there is certainly error in sustaining them, for the reason that they presented questions which were not, and could not, be properly before the Circuit Judge, as the merits of the case had never been passed upon by the magistrate. Indeed, as we understand the argument of respondent's counsel, this was conceded and very properly conceded by him. The 6th ground only remains to be considered, and that rests upon the proposition that the magistrate, after having overruled the demurrer during the progress of the hearing, had no right, although he had reversed his decision, two days after the hearing, upon being convinced of his mistake, to correct such mistake. Certainly a judicial officer, after hearing a case, may reserve his decision, for the purpose of enabling him to give mature consideration to the points raised therein, and if, upon such consideration, he finds that he has committed any error in the progress of the hearing, it is not only his right but his duty to correct such error before announcing his final decision. Indeed, it would be a reproach to the administration of justice to hold otherwise. Even after his final decision had been made, he may, upon a motion for a new trial, correct any error into which he may have fallen. We do not think, therefore, that the proposition upon which the 6th ground rests can be sustained. There was, therefore, error on the part of the Circuit Judge in sustaining the defendants' appeal from the magistrate.

It will be observed that the plaintiff also appealed from the order of the magistrate sustaining the demurrer of defend-

ants, but the Circuit Judge in his judgment makes no mention of such appeal in his order set out above; and, therefore, strictly speaking, so much of this appeal as imputes error to the Circuit Judge in holding that the demurrer of defendants was well taken, is not properly before us. But as the Circuit Judge, in his order, though not making any reference to plaintiff's appeal, does practically hold that such demurrer was well taken, we will not decline to consider whether the absence of any allegation in the summons and complaint issued by the magistrate, that plaintiff was a corporation, and as such invested with power to sue, or that it was a partnership composed of certain specified individuals, was good ground of demurrer. It seems to us, under the cases of *Smith* v. *Walker,* 6 S. C., 169, and *Bischoff* v. *Blease,* 20 S. C., 460, that the absence of such allegations constituted good ground for the demurrer.

The plaintiff's third ground of appeal imputes error to the Circuit Judge in holding that the magistrate had no power to allow plaintiff leave to amend "as he may be advised." It does not appear in the order of the Circuit Judge that he made any such ruling. Indeed, the question as to the right of the magistrate to grant leave to the plaintiff to amend, was not raised by any of the exceptions to the action of the magistrate, unless it might possibly be in defendants' 6th exception. But as it appears in the statement copied from the "Case," as set out in the first part of this opinion, that the Circuit Judge did so hold, we will not decline to consider the question whether the magistrate had the power to grant the leave to amend. It seems to us that this question is conclusively determined by the provisions contained in subdivisions 6, 7 and 11, of sec. 88, of the Code. It is true that the language granting leave to the plaintiff to amend "as he may be advised," is rather broad, and might be open to criticism if the case had been in a higher court; but the same strictness is not required in the jurisdiction of a magistrate, and the leave here granted to amend may well be construed as leave to amend by inserting the allegations, the

absence of which gave ground for the demurrer. So that appellant's third exception must be sustained.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to the magistrate's court for trial, with leave to the plaintiff to amend the summons and complaint by inserting such allegations as may be necessary to remove the grounds for the demurrer which has been sustained, provided such amendment be made and served upon the defendants at least twenty days before the day that may be appointed by the magistrate for such trial.