7031

### L. D. RILEY & SON v. SOUTHERN RY.

1. CARRIER—FREIGHT—JURISDICTION—PENALTY.—Suit for penalty for failure to pay damage to freight must be brought in that county in which the cause of action or some part thereof arose. But suit for damages to freight may be brought in any county in which the carrier has line of road and an office for transaction of its business. When suit for damages and penalty is .brought in county where cause of action did not arise, judgment should be given for damages only.

2. Capacity to Sue—Demurrer.—Objection that complaint does not allege plaintiff's capacity to sue should be made on general appearance, and not on appearance limited to objection of want of jurisdiction or defect of parties.

Before Gary, J., Saluda, December, 1907. Reversed.

Action by L. D. Riley & Son against Southern Railway. From·judgment of Circuit Court reversing judgment of Magistrate W. P. Allen, plaintiffs appeal.

*Mr. Barnard B. Evans,* for appellant, cites: *Magistrate had jurisdiction:* Code 1902, 1039; 72 S. C., 132; 51 S. C., 347; 72 S. C., 480. *As to form of service:* 52 S. C., 86; 67 S. C., 229; 73 S. C., 292.

*Mr. Eugene W. Able,* contra, cites: *Pleadings should show capacity to sue:* 56 S. C., 456.

October 5, 1908. The opinion of the Court was delivered by

Mr. Justice Woods. This action was brought in the Court of Magistrate Allen, in Saluda county, for damages to freight shipped over defendant's railroad from Atlanta, Ga., to the plaintiffs at Silver Street, S. C., and for the statutory penalty of fifty dollars. The .plaintiffs conducted a general mercantile business in Saluda county. Silver Street is thé plaintiffs' point of delivery, but is in Newberry county, across the Saluda river from their store. The summons was served on the defendant's agent at Ward's, in Saluda county, and was returnable on 27th November, 1907. On that day the defendant presented to the Court a demurrer to the summons, which thus appears in the record:

"Before W. P. Allen, Esq., magistrate, Wednesday, November 27, 1907, special appearance of E. W. Able for Southern Railway Company.

"The summons served upon the Southern Railway Company therein is objected to on the grounds that it is defective, vague, indefinite and wholly insufficient to give the Court jurisdiction of the Southern Railway Company of the cause of action herein in the following particulars, to wit:

1. "Because the plaintiffs in this action are not properly designated, in that if the plaintiffs are a copartnership, it is essential that all the names of the copartners appear, and if a corporation, that fact should appear.

2. "Because the defendant in the action is not properly designated, in that if the defendant is a copartnership that fact should appear, and if a corporation, that fact should appear.

3. "Because it does not appear from the summons herein upon what manner of charges or cause of action the defendant is indebted to the plaintiffs, when or where the same accrued, the items that composed the same, nor upon what account, nor whether or not demand for payment had been made.

4. "Because the summons is vague, indefinite, and entirely insufficient to apprise the defendant of any facts constituting any possible cause of action upon which the said defendant might prepare to go to trial; wherefore, Southern Railway Company asks that the summons herein be declared null and void and wholly insufficient in the premises, and that this action be dismissed with costs."

The magistrate overruled the demurrer, defendant withdrew, and the magistrate gave judgment by default for the damages claimed, $21.23, and the penalty of $50. On appeal, the Circuit Court reversed the judgment of the magistrate, holding that a magistrate of Saluda county had no jurisdiction, because the action was for a penalty which arose at Silver Street, the point of destination, situated in Newberry county.

The Code of Procedure, section 145, requires that actions for the recovery of a penalty or forfeiture imposed by statute "must be tried in the county where the cause or some part thereof arose." The cause of action for the penalty as well as for the damages certainly arose at Silver Street, Newberry county, and, therefore, it seems clear the magistrate in Saluda county, under section 145 of the Code, had no jurisdiction of a suit to collect the penalty.

The claim of $21.23 for damaging the goods in transportation, though arising in Newberry county, could be enforced by action in any county of the State in which the railroad company's line is located, and in which it maintains a public office for the transaction of its business. *Tobin* v. *Chester & L. R. R. Co.,* 47 S. C., 387, 25 S. E., 283; *Boyd* v. *Blue Ridge Ry. Co.,* 65 S. C., 326, 43 S. E., 817. Hence the magistrate in Saluda county had jurisdiction of the cause of action for the damages.

The penalty statute, 24 Stat., 81, seems to require one who claims a penalty to set it up in the action for the loss or damage. As the penalty can be recovered only in the county where it or some part of the cause of action arose, and the damage and loss may be recovered in any county where the railroad company does business and has an agency for the delivery of freight, including the county where the cause of action arose, it seems to follow that the law contemplates that a suit for the loss or damage and the penalty must be brought in the county which is the proper venue for both claims. Any other conclusion would require that the Court take away from the defendant the right conferred by section 145 of the Code of Procedure, to have a suit against him for a penalty tried in the county where the cause of action or some part of it arose. Restating the matter, the law is that a corporation may be sued in any county in the State in which it has an office and does business, provided when the suit is for a penalty it shall be brought in that county where the penalty or some part of the penalty or some other part of the cause of action arose.

The question involved was jurisdiction of the subject-matter and is, therefore, not affected by the appearance of the defendant for the purpose of submitting a demurrer to the complaint for defect of .parties as well as want of jurisdiction. *Nixon* v. *Piedmont Mut. Ins. Co.,* 74 S. C., 438, 54 S. E., 657; *Silcox* v. *Jones,* 80 S. C., 484.

For these reasons we think the conclusion of the Circuit Judge that the magistrate in Saluda county was without jurisdiction of the claim for the penalty was correct.

If no other defect appeared in the record, the plaintiff could have the option to hold his judgment for the damages, $21.23, or commence a new suit for the penalty as well as the damages in a court having adequate jurisdiction. But in the summons the complaint is called "L. D. Riley & Son," and there is nothing to indicate whether a corporation or a partnership is meant, or; if a partnership, the individuals who compose it. Such a defect was held to be fatal in *Lookout Mountain Medicine Co.* v. *Hare & Co.,* 56 S. C., 456, 35 S. E., 130. It is true this point was not decided in Judge Gary's decree, and it would be more regular to leave it open to be heard first by the Circuit Court, but as the case above cited directly decides the question, the plaintiff should not be subjected to the needless delay, which would result from remanding the case to the Circuit Court.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES. *I dissent.* The magistrate clearly had jurisdiction of the action for damages and the judgment of the magistrate should be affirmed to the extent of $21.23. If this should result in depriving plaintiff of the right to sue for and recover penalty in Newberry county, plaintiffs brought it about by voluntarily electing to sue for damages in Saluda county, in a Court having no jurisdiction of the cause of action for penalty.

If defendant desired to avail itself of objection to the capacity of plaintiffs to sue there should have been a general appearance.

MR. CHIEF JUSTICE POPE. *I dissent and concur in the opinion of* JUDGE JONES.

MR. JUSTICE GARY *dissents.*