18872

E. B. WHITE, Appellant, v. J. Blakeney JACKSON d/b/a Jackson Realty Company, Respondent

(166 S. E. (2d) 211)

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant.*

*Messrs. McCaskill & Thompson,* of Conway, *for Respondent,*

February 18, 1969.

Moss, Chief Justice.

E. B. White, the appellant herein, instituted this action against J. Blakeney Jackson, d/b/a Jackson Realty Co., the

respondent herein, for recovery of rental income allegedly withheld by him from the appellant.

The respondent, by answer, admitted that he entered into an agreement with the appellant whereby he would manage the rental of certain cottages and apartments belonging to the appellant. He further admitted that pursuant to said agreement he rented the properties of the appellant and had submitted to him an itemized statement of the account showing the receipt of all rentals and the disbursements incurred. He further admitted that there was a balance due the appellant by him in the sum of $3,672.38 and was retaining such in order to apply the said sum as a setoff against an indebtedness of the appellant to him.

The respondent filed a counterclaim against the appellant alleging that they had entered into a written exclusive sales agency contract, whereby the respondent was authorized and granted exclusive right to sell the Palms Motel owned by the appellant and located at Myrtle Beach, South Carolina. A copy of said contract was attached to and made a part of the counterclaim. It was further alleged that while the exclusive sales agency contract was in force and effect that the appellant sold the motel and thereby became indebted to the respondent in the amount of $9,180.00 as a commission on said sale. The respondent asked for judgment against the appellant in the sum of $9,180.00 and that he be allowed to setoff against the said indebtedness the sum of $3,672.38 retained by him.

The exclusive sales agency contract, which was attached to and made a part of the counterclaim, shows that on February 6, 1964, E. B. White, the owner of the Palms Motel located at Myrtle Beach, South Carolina, engaged "Jackson Realty & Ins. Co." to sell the said motel property and the agreement was to remain in force for a period of six months from the date thereof, and if the property was sold during the time the said agreement was in force the owner would pay a commission of 6% of the actual bona fide selling

price. This agreement on the part of Jackson Realty & Ins. Co. was signed by J. Blakeney Jackson, Jr., in behalf of Jackson Realty & Ins. Co. The signatures of E. B. White and J. Blakeney Jackson, Jr. were witnessed by J. Blakeney Jackson, the respondent herein.

The appellant demurred to the counter-claim on the ground that it appeared on the face thereof that the respondent had failed to set forth a cause of action against the appellant in that the contract referred to therein was one between the appellant and J. Blakeney Jackson, Jr., d/b/a Jackson Realty & Ins. Co., rather than between the appellant and the respondent, d/b/a Jackson Realty Co.

The demurrer of the appellant to the counterclaim asserted by the respondent came on to be heard by The Honorable Francis B. Nicholson, Presiding Judge, and by his order he directed the respondent to amend his counterclaim to allege a partnership between J. Blakeney Jackson, Sr. and J. Blakeney Jackson, Jr., d/b/a Jackson Realty Co. Timely notice of appeal was given and, by agreement of counsel, the appeal was delayed until action could be had on the amended counterclaim.

The respondent filed an amended counterclaim alleging a contract between the appellant and a partnership of J. Blakeney Jackson, Sr. and J. Blakeney, Jackson, Jr., d/b/a Jackson Realty Co. and that pursuant thereto the appellant was indebted to the respondent for the realtor's commission provided for in said contract. The appellant demurred to the amended counterclaim on the ground that it affirmatively appeared on the face thereof that the respondent had failed to state a cause of action against him in that the contract upon which the counterclaim was based clearly showed that such was between the appellant and a partnership consisting of J. Blakeney Jackson and J. Blakeney Jackson, Jr., d/b/a Jackson Realty & Ins. Co., which is a separate entity from the respondent and, therefore, could not be asserted as a counterclaim in this action against the appellant. The de-

murrer to the amended counterclaim was heard by The Honorable Wade S. Weatherford, Jr., Presiding Judge, who overruled such and held that since the respondent had alleged in his counterclaim that the contract upon which the appellant's action was based was actually made with the partnership, consisting of J. Blakeney Jackson and J. Blakeney Jackson, Jr., d/b/a Jackson Realty Co., the matter of misjoinder of the parties must be determined upon proof proof presented at the trial. He further held that if the respondent proved its defense, then the partnership was a proper party to the action though not as necessary one. The appellant gave timely notice of appeal from this order.

The four exceptions of the appellant pose two questions: (1) Did the trial judge err in refusing to sustain the demurrer of the appellant and ordering the respondent to amend his counterclaim to allege a partnership claim; and (2) Did the trial judge err in refusing to sustain the demurrer of the appellant to the amended counterclaim filed by the respondent.

It is provided in Section 10-625 of the Code that the answer of the defendant must contain, "(2) A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without unnecessary repetition." It is provided in Section 10-703 of the Code, that the counterclaim mentioned in Section 10-652 must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action and arising out of one of the following causes of action. "(2) In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action."

A counterclaim implies reciprocal demands existing between the same persons at the same time. To warrant a counterclaim in an action, the demand must be mutual, that is, the counterclaim and the action must be between the same parties in the same capacity or right, and

there must be mutuality as to the quality of the right. The counterclaim must be such a demand that the defendant, in his own name, without bringing in the name of a stranger to the suit, may maintain an action of debt on it against the party suing; less than that is not mutuality. In order to sustain a counterclaim the debts must be mutual, and the demands must be subsisting causes of action such as will give to the plaintiff and defendant a simultaneous cause of action, the one against the other, at the time the suit is brought. 20 Am. Jur. (2d), Counterclaim, Recoupment, etc., Section 74, page 291. *Elliott v. Carroll,* 172 S. C. 276, 173 S. E. 908. In an action against one partner for a debt by him, a debt due to his firm cannot be the basis of a setoff or counterclaim. *Bank of Anderson v. Allen,* 146 S. C. 167, 143 S. E. 646.

The appellant has instituted an action against the respondent for a debt allegedly due by him in his individual capacity. The basis of the counterclaim is a debt allegedly due by the appellant to a partnership of which the respondent is a member. It is asserted that J. Blakeney Jackson, Jr., a son of the respondent, is the other member of the partnership and he is not a party to this action. It thus appears that the counterclaim in this action must fail for want of mutuality with the claim upon which the appellant bases his action.

In *Whitfield v. Hovey,* 30 S. C. 117, 8 S. E. 40, it was held that a partnership debt is a joint debt, and not joint and several, and an action thereon must be joint, and all the partners must be joined as parties in an action upon such obligation. Failure to do so results in a defect of necessary parties. Just as the liability of partners on a firm contract is joint, so are the rights of the partners. If an obligation is made to the parties jointly, it is necessary in an action to enforce the obligation running to the firm, that all the partners sue. It follows that since J. Blakeney Jackson, Jr., an alleged partner in Jackson Realty Co., was

not joined as a party to the action, the result is a defect of necessary parties.

It follows that the demurrers interposed by the appellant should have been sustained and it was error on the part of the trial court not to do so.

The judgments of the lower court are reversed and this case remanded thereto for an order sustaining the demurrers interposed by the appellant.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.