21053

MARVIL PROPERTIES, Respondent, v. FRIPP ISLAND DEVELOPMENT CORPORATION, Appellant.

(258 S. E. (2d) 106)

*Harold A. Boney* of *Dowling, Sanders, Dukes, Novit & Svalina,* Beaufort, *for appellant.*

*George H. O'Kelley* of *O'Kelley, Fordham & Reid,* Beaufort, *for respondent.*

September 10, 1979.

LEWIS, Chief Justice:

An agent for respondent Marvil Properties (Marvil) (a general partnership) entered into a contract, in the name of the partnership, with appellant Fripp Island Development Corporation (Fripp) for the sale by Fripp to Marvil of certain real estate. This action for specific performance of the sales agreement was brought by Marvil in the partnership's name without naming the partners. Demurrer was interposed to the complaint on the ground, among others, that the plaintiff does not have legal capacity to sue. This appeal is from an order overruling the demurrer.

The dispositive question to be decided is whether a general partnership has the capacity to sue in its name.

South Carolina has long adopted the rule that a partnership is not such a legal entity as to authorize it to sue or be sued as such. *Smith and Melton v. Walker,* 6 S. C. 169, *Lookout Mountain Medicine Company v. Hare & Co.,* 56 S. C. 456, 35 S. E. 130.

The foregoing rule was confirmed in the 1969 decision of *White v. Jackson,* 252 S. C. 274, 166 S. E. (2d) 211, and no decision of this Court has been found, or cited, to sustain the conclusion that a partnership may sue or be sued in the partnership name alone.

The statement in *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162, that "A partnership under the law is an entity, separate and distinct from the persons who compose it," does not, as argued, support the conclusion that a partnership may sue in its name. This principle has been applied solely in determining the legal relationships and liabilities of the partners, and has never been

construed in this State as permitting a suit only in the partnership name.

Neither have legislative enactments in this State changed the principle that a partnership may not sue or be sued as such. On the contrary, the Uniform Partnership Act is not only silent on the subject, but leaves the foregoing rule in effect by specifically providing that, in any case not covered by the Act, "the rules of law and equity, including the law merchant, shall govern." Section 33-41-50, 1976 Code of Laws. The lower court should have sustained the demurrer. Judgment is accordingly reversed.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I proposed to affirm the order of the lower court and prepared an opinion reaching that result. A majority of the court disagreed and filed an opinion reversing the order of Special Judge McLeod. I herewith print my proposed opinion as my dissent.

At common law, a partnership was not a legal entity and so could not sue or be sued. *Smith & Melton v. Walker,* 6 S. C. 169 (1874); 60 Am. Jur. 2d *Partnership* § 322 (1972). Since that time, through a series of legislative enactments and judicial decisions, the partnership has become "a legal entity separate and distinct from the persons who compose it." *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162 (1939). A partnership can now own property and is now liable for the wrongful acts of the partners. §§ 33-41-320(1) and 33-41-350, *Code of Laws of South Carolina* (1976). A partnership can now register a trademark. *Code* §§ 39-15-110 and 39-15-130. A negotiable instrument may be made payable to a partnership in the firm name. *Code* § 36-3-110. In *Bouchette v. International Ladies Garment Worker's Union, AFL-CIO, Local No. 371,* 245 S. C. 586, 141 S. E. (2d) 834 (1965), Justice

Lewis reasoned that labor unions may sue in their own name because the legislature had recognized them as legal entities in several acts. That reasoning applies equally to partnerships. Other courts, reasoning in a similar manner, have reached the same conclusion. 59 Am. Jur. 2d *Partnership* § 7 (1971).

In *White v. Jackson*, 252 S. C. 274, 166 S. E. (2d) 211 (1969), Justice Moss said, "If an obligation is made to the parties jointly, it is necessary that all parties sue." Taken out of context, this statement seems to support Fripp's position. But *White* involved a suit against an individual partner, and a counterclaim by the partners in their joint capacity. Justice Moss was simply saying that a partner could not bring a joint counterclaim into a suit against an individual partner. The case does not hold that the partners cannot sue jointly, in the partnership name. Indeed, the ruling in *White* demonstrates that this court has treated partnerships as legal entities distinct from their members, since it refused to permit a partnership debt to be asserted as a counterclaim in a suit against an individual partner.

Fripp's second argument is that the individual partners are necessary parties, without which the suit cannot proceed, citing *White*. For the reasons set forth above, *White* simply does not stand for this proposition. When a partnership enters into a contract, "such contract is not with the individual members of the firm but with the partnership as an entity distinct from its members." *Chitwood*. Here Fripp entered into the contract with the partnership and not with its individual partnership members. The rights alleged in the complaint to have been violated are rights of the partnership. The action is to collect monies for the partnership alleged to be owed growing out of the contractual relationship.

This case is before the court as a result of a demurrer. Nothing appears in the complaint which would require the action to be brought in the names of the individual members of the partnership. It would be proper to name the partners; and there may be instances in which partners should be im-

pleaded. The matter is before the court on a narrow proposition of law, and I would refuse to hold at this juncture of the case that the action may not proceed with the partnership as plaintiff.