675 F.2d 610
 ALLIED-GENERAL NUCLEAR SERVICES, a partnership, composed of
Allied Chemical Nuclear Products, Inc. and General Atomic
Company, a partnership composed of Scallop Nuclear Inc. and
Gulf Oil Corporation, Appellants,
v.
COMMONWEALTH EDISON COMPANY, Appellee.
 No. 80-1723.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 10, 1981.
Decided April 9, 1982.
 
 Miles Loadholt, Barnwell, S. C. (Ronald L. Motley, Blatt & Fales, Barnwell, S. C., on brief), for appellants.
 John W. Thomas, Columbia, S. C. (Henry L. Mason, III, Shalom L. Kohn, Chicago, Ill., Dial, Jennings, Windham, Thomas & Roberts, Columbia, S. C., Sidley & Austin, Chicago, Ill., on brief), for appellee.
 Before BRYAN, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.
 ALBERT V. BRYAN, Senior Circuit Judge:
 
 
 1
 Plaintiff partnership Allied-General Nuclear Services (Allied) appeals the dismissal of its declaratory judgment action by the District Court for the District of South Carolina. The error assigned is the Court's ruling that failure to name all constituent partners individually was a fatal jurisdictional infirmity. Challenged also is the Court's exercise of discretion in declining the declaration. We affirm.
 
 
 2
 * Allied contracted in 1974 with defendant Commonwealth Edison Co. (Edison), an Illinois corporation, to reprocess Edison's spent nuclear fuel and to supply fissile nuclear material. By 1977, however, the Federal Government had decided that permitting private parties to engage in nuclear reprocessing was inconsistent with the Nation's interests in curbing nuclear proliferation. To this end, the Nuclear Regulatory Commission (NRC) imposed a permanent moratorium on the licensing of reprocessing facilities. Without a NRC license, Allied was unable to perform the contract. In this setting, Allied and Edison negotiated towards a mutually acceptable solution. The immediate upshot was that each party agreed not to bring suit against the other "until June 30, 1979."
 
 
 3
 Lacking a settlement, Allied brought suit in its firm name on June 30, 1979 in the Court of Common Pleas of Barnwell County, South Carolina for a judgment declaring it had been absolved of all undertakings under the 1974 contract. Edison rejoined July 10, 1979 by filing an action for contract breach in the United States District Court for the Northern District of Illinois.[1] Edison removed Allied's suit to the Federal court in South Carolina on July 20 and, six days later, moved for its dismissal.
 
 
 4
 The motion asserted that omission of its constituent partners as parties plaintiff was impermissible under South Carolina law, that such failure nullified the suit and, accordingly, that under Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922), the Federal court was without jurisdiction since the State court lacked jurisdiction. Allied then asked leave to amend in order to name its partners and seek relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (1976).
 
 
 5
 Meanwhile, before the trial court had decided Edison's motion, the South Carolina Supreme Court ruled that a partnership could sue in South Carolina only through its partners. Marvil Properties v. Tripp Island Development Corp., 273 S.C. 619, 258 S.E.2d 106 (1979). The Court did not elaborate, however, as to whether a failure to sue in the individuals' names deprived the court of jurisdiction or merely amounted to a pleading imperfection, curable by an amendment retroactive to the institution of the action.
 
 
 6
 Facing this complexity, the District Court concluded that Allied's neglect was fatal jurisdictionally. Thus deciding that the State court lacked jurisdiction ab initio, the Court ruled that it was powerless to adjudicate the merits of the cause as removed. Noting in any event that it was possessed of a discretion in disposition, the Court alternatively declined to pass on the prayer for declaratory relief. The apparent reasons for the ruling were that Allied's suit was anticipatory of the action at law in Illinois and that a declaratory judgment might not settle the entire controversy between Allied and Edison. In this appeal, Allied questions these determinations.
 
 II
 
 7
 In Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937), we held that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (1976), authorizes the District Courts to use their discretion in deciding whether or not to entertain declaratory judgment claims. For the Court, Judge Parker enunciated general guidelines for the exercise of this discretion. In part, he explained that "whether the remedy be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." Id. at 325.
 
 
 8
 On the record before us, we cannot say that the District Court's exercise of discretion was improper. Hence, we find it unnecessary to determine whether the trial court properly found that Allied's failure to sue in its partners' individual names amounted to a jurisdictional defect.[2] The judgment on appeal is
 
 
 9
 Affirmed.
 
 
 
 [1]
 Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed. See Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 140 F.2d 47, 49 (4th Cir. 1944). Given our disposition here, we have no occasion to consider the applicability of this rule of priority to the instant controversy
 
 
 [2]
 "Jurisdiction," as spoken of in this opinion, is not subject matter jurisdiction, but rather jurisdiction of the parties. Were there a fairly put question of subject matter jurisdiction, we would, of course, be required to address that question before deciding whether the District Court abused its discretion in dismissing the action. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)