21878

SOUTH CAROLINA TAX COMMISSION, Respondent, v. Charles W. REEVES, William Simons and Simons Appliance Center, Appellants.

(300 S. E. (2d) 916)

*Irvin J. Slotchiver,* of *Rosen, Oberman & Rosen,* Charleston, *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Jackson E. Fields, Jr.* Columbia, *for respondent.*

March 14, 1983.

HARWELL, Justice:

Pursuant to S. C. Code Ann. § 12-7-2280 (1976), respondent served appellants Reeves and Simons, the sole partners of Simons Appliance Center, with a Summons to Produce their books and records of their partnership for the tax years 1976, 1977, 1978. Appellants refused to produce the records, alleging that Article I, Section 12 of the S. C. Constitution and the Fifth Amendment to the U. S. Constitution afforded them protection against the production of the records. Subsequently, respondent petitioned the circuit court for an Order of enforcement pursuant to S. C. Code Ann. § 12-7-2290 (1976). The circuit court granted the requested relief. We affirm.

The sole issue presented to us in this appeal is whether Reeves and Simons may refuse to produce the records of Simons Appliance Center because the records might incriminate them. We conclude they may not.

Even though a South Carolina partnership lacks the legal capacity to sue, we nevertheless recognize that it is an entity, separate and distinct from the persons who compose it. *Marvil Properties v. Fripp Island Development Corp.*, 273 S. C. 619, 258 S. E. (2d) 106 (1979); *Chitwood v. McMillan*, 189 S. C. 262, 1 S. E. (2d) 162 (1939). *See,* S. C. Code Ann. § 33-41-10 through § 33-41-1090 (1976).

Although we have never addressed the present issue, the U. S. Supreme Court entertained this precise issue in *Bellis v. United States*, 417 U. S. 85, 94 S.Ct. 2179, 40 L. Ed. (2d) 678 (1974). Bellis, a member of a three-person, dissolved law partnership, refused to produce the financial records of the partnership. Bellis relied upon his personal privilege against self-incrimination to justify his refusal to comply with the federal grand jury subpoena. The Supreme Court held that Bellis could not claim the privilege for the partnership records he held in a representative capacity. He had no direct ownership interest in the records; rather, the partnership owned them. The Court concluded that an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally. 417 U. S. at 87, 94 S.Ct. at 2182, 40 L. Ed. (2d) at 683.

The Supreme Court confirmed its *Bellis* holding in *Fisher v. United States*, 425 U. S. 391, 96 S.Ct., 1569, 48 L. Ed. (2d) 39 (1976):

... [N]either a partnership nor the individual partners are shielded from compelled production of partnership records on self-incrimination grounds. 425 U. S. at 408, 96 S.Ct. at 1580, 48 L. Ed. (2d) at 54.

Appellants rely on *United States v. Slutksy*, 352 F. Supp. 1105 (S.D.N.Y. 1972) to justify their refusal to produce the records. *Slutsky* involved a small family-owned partnership composed of two brothers. The court allowed the brothers to plead the Fifth Amendment when they were subpoenaed to produce their business records. We think the better approach is that followed in *Fisher* and *United States v. Allshouse*, 622 F. (2d) 53 (3rd Cir. 1980); *United States v. Harrison*, 653 F. (2d) 359 (8th Cir. 1981); and *Matter of Grand Jury Empanelled March 19, 1980*, 680 F. (2d) 327 (3rd Cir. 1982), where a party was not allowed to plead the Fifth Amendment when he held the business records in a representative capacity.

Therefore, we find that by the *Bellis* and *Fisher* decisions, the U. S. Supreme Court has settled the present issue insofar as the protection afforded by the Fifth Amendment to the U. S. Constitution.

Appellants argue that even if the Fifth Amendment fails to protect them, Article I, Section 12 of the S. C. Constitution does. They allege the S. C. clause provides greater protection than the comparable section of the U. S. Constitution. We disagree. The pertinent language of the Fifth Amendment is: "No person . . . shall be compelled in any criminal case to be a witness against himself. . . ." The comparable language of the S. C. Constitution provides: ". . . nor shall any person be compelled in any criminal case to be a witness against himself." This Court commented on that clause of our Constitition *In Re Hearing Before Joint Legislative Committee*, 187 S. C. 1, 196 S. E. 164 (1938):

> Indeed, in our view the effect of the present constitutional provision is practically the same as that of the Constitution of 1868, and was probably adopted because of its conformity to the language of the amendment to the Federal Constitution.

Therefore, we hold that neither the U. S. Constitution nor the S. C. Constitution protects the appellants from producing the partnership records. Accordingly, we affirm.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.