1267

James A. LANE, Appellant v. Robert J. KREIN, Kenneth Scott Rumminger, Cheryl Lynne Rumminger, partners, d/b/a Northway Materials, Walter E. Rumminger, Robert J. Boland and Northway Contractors, Inc., Respondents.

(375 S. E. (2d) 351)

Court of Appeals

*Herman E. Cox*, Greenville, *for appellant.*

*O. G. Calhoun*, of *Haynsworth, Marion, McKay & Guerard, Frank H. Gibbes, III*, of *Rainey, Britton, Gibbes & Clarkson*, and *Terry E. Haskins*, Greenville, *for respondents.*

Heard Nov. 14, 1988.

Decided Dec. 5, 1988.

JASPER M. CURETON, Judge:

This case concerns the alleged conversion of partnership property. The issue on appeal is the propriety of the trial court's grant of a motion for judgment on the pleadings. We affirm.

James A. Lane, Cheryl Lynne Rumminger, Kenneth Scott Rumminger, and Robert J. Krein are general partners in Northway Materials. The partnership was formed in 1983 to sell material to the construction industry. The complaint alleges Northway Contractors, Inc. is the only customer of Northway Materials. Walter E. Rumminger, father of

Cheryl and Kenneth, was the president of the corporation. He sold the corporation to Robert J. Boland.

Lane alleges conversion of partnership property by Northway Contractors, Inc., Walter Rumminger, and Robert Boland. He asserts the corporation was in complete possession and control of the assets of the partnership. Since Walter Rumminger and Robert Boland controlled the corporation, Lane alleges they conspired to convert the partnership assets and to treat the partnership as if it did not exist. The other three partners in Northway Materials are named as defendants in the action. By a second cause of action, Lane seeks dissolution of the partnership and an accounting. He alleges his partners were not named as plaintiffs in the suit because they are under the influence of Walter Rumminger.

Northway Contractors, Inc. and Robert Boland denied the allegations of the complaint. They also moved for judgment on the pleadings under S. C. R. Civ. P. 12(c) on the ground Lane did not have capacity to sue on the conversion claim. The trial court granted the motion. The court noted the partnership agreement gave each partner an equal voice in the management of the partnership. The Rumminger children and Robert Krein denied the partnership had authorized the action and they did not join the suit. The court held a partnership was an entity distinct from the persons who compose it. Since the partners did not join Lane and he was suing for recovery of partnership property, the court reasoned he lacked capacity to sue. The trial court reaffirmed its decision after a motion for reconsideration based upon Section 15-5-45, Code of Laws of South Carolina, 1976, as amended.

A partnership is an entity which is separate and distinct from the persons who compose it. *Marvil Properties v. Fripp Island Development Corp.*, 273 S. C. 619, 258 S. E. (2d) 106 (1979); *Chitwood v. McMillan*, 189 S. C. 262, 1 S. E. (2d) 162 (1939). It is statutorily defined as an "association of two or more persons to carry on as co-owners a business for profit." Section 33-41-210, Code of Laws of South Carolina, 1976. Northway Materials was created by a written partnership agreement which gave each partner an equal voice in the management of the partnership. Subject to an agreement

between them, any differences arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners. Section 33-41-510.

The pleadings demonstrate a dispute among the partners concerning a partnership matter. Lane seeks to pursue an alleged claim while the other three partners do not. Lane is in a minority position with respect to this partnership matter.

Lane argues any defect in his pleading can be cured by joinder of parties under the South Carolina Rules of Civil Procedure. He asserts the partnership should be joined as a plaintiff since it can sue in its own name. *See* Section 15-5-45, Code of Laws of South Carolina, 1976, as amended. This argument circumvents the real issue which is the failure of Lane to convince his partners to pursue the alleged conversion claim. The dispute is internal to the partnership and involves the decision making of the partnership. The problem is not resolved by joining the partnership as a party because the majority of the partners have not authorized the suit.

Lane argues he does not have a remedy if the decision of the trial court is affirmed. We disagree. He has pleaded a cause of action against his partners for an accounting. If his partners were involved in the alleged conversion of partnership property then they have violated their fiduciary duties and are accountable. In a proper circumstance a receiver may also be appointed for the partnership to pursue an action against a third party.

The decision of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.