TOBIN v. THE CHESTER & LENOIR N. G. R. R.

RAILROAD—RESIDENCE—CODE, 146.—A railroad company, under the
laws of this State, is, within the meaning of sec. 146 of Code, a resi-
dent of the county or counties in which its line of road is located, and
where it maintains a public office for the transaction of its business,
.and an agent upon whom process may be served.                    .

Before ALDRICH, J., Barnwell, March, 1896.    Affirmed.

Action by Laura C. Tobin against the Chester and Lenoir
Narrow Gauge Railroad Company, for damages to a cow in
transportation.   Action was brought in Barnwell County,
where the defendant had no office or roadbed.   The Circuit
Judge ordered the case transferred to Chester County.   Plain-
tiff appeals.

*Messrs. Bellinger, Townsend & O'Bannon,* for appellant,
cite: Code, 146; 2 Rich., 512; 1 Strob., 72; Morawitz Priv.
Cor. (2d ed.), 917; 24 U. S. Stat., 552; Murfree For. Cor.,
sec. 309; Darty Fed. Proc. (8th ed.), 124; 65 Cal., 394, 600;
Code, 192; 64 M. C., 631; 66 N. C., 284; 21 S. E., 791; 8
Iowa, 260; Code, 154, 156.

*Mr. A. G. Brice,* contra, cites: Code, 146; 15 Ill., 437; 2
Rich. Law, 512; 4 A. & E. Ency., 206, 207; 21 Id., 123,
124; 2 Strob., 72; 21 S. E. R., 791; 22 S. C., 276; 26 S. C.,
70; 25 S. C., 385; 28 S. C., 313; 51 Mo., 308; 82 Id., 64;
5 Clarke (Iowa), 518; 15 Barb., 650; 15 How. Prac. Rep.,
17; 98 Mass., 95; 6 Thomp. on Law on Cor., 7424; 151 U.
S., 496; 1 Hawks, N. C., 422.

July 30, 1896.  The opinion of the Court was delivered by
MR. JUSTICE JONES.   This is an appeal from an order
transferring this case from the Court of Common Pleas for
Barnwell County to that of Chester County.   The action
was commenced in Barnwell by service of summons and
complaint on the defendant at Chester, S. C., to recover

damages for alleged injury to plaintiff's cow, while in course of transportation over the line of the defendant company and in connecting lines, from Guthriesville, in York County, to Barnwell, S. C. The defendant is a domestic railway corporation under the laws of this State, its only line of railroad in this State lying in Chester and York Counties, where its agencies are established and its business carried on, having its principal office in Chester County. It has no property and no agency in Barnwell County. His Honor, James Aldrich, the presiding Judge, held that the Court was without jurisdiction to try the action, for the reason that the defendant was not a resident of the county of Barnwell, within the meaning of section 146 of the Code of Civil Procedure; and, therefore, transferred the case for trial to Chester County. Appellant appeals upon the following grounds: "1. That his Honor, the presiding Judge, erred in holding that the Court of Common Pleas for Barnwell County was without jurisdiction to try this cause, for the reason that the defendant was not a resident of the County of Barnwell, whereas he should have held that the defendant being a domestic railway corporation, organized under the laws of this State, its residence was only limited by the limits of the jurisdiction of the State creating it, and that said defendant was liable to be sued as a resident of any county within this State." Section 146 of our Code provides that actions of this character, injury to personal property, shall be tried in the county in which the defendant resides at the time of the commencement of the action. We have no statute expressly providing for the place of trial of such actions against domestic corporations. Section 1543 of the Revised Statutes, 1893, providing that a railroad corporation incorporated in this State "may sue and be sued, &c., in *any* court of law or equity in this State, &c.," has no reference to the place of trial. Where, then, is the residence of a domestic railroad corporation in this State? The case of *Bristol* v. *Railroad Co.*, 15 Ill., 437, very strongly states the answer as follows: "The residence of a corporation, if it can be said

to have a residence, is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised. It is present where it is engaged in the prosecution of the corporate enterprise. This corporation has a legal residence in any county in which it operates the road, or exercises corporate powers and .privileges. In legal contemplation, it resides in the counties through which its road passes and in which it transacts its business." To the same effect, see *Davis* v. *Banking Co.*, 17 Ga., 323; *Slaven* v. *Railroad Co.*, 51 Mo., 308. This last named case decides that "the residence of a railroad corporation is in any county through which its line of road passes, and in which it has an agent upon whom process can be served." There is another line of cases which hold that, in the absence of statutory regulation, the residence of a railroad corporation is where its principal office is located. *Railroad* v. *Cooper*, 30 Vt., 476; *Thorn* v. *Railroad Co.*, 26 N. J. Law, 121; *Transportation Co.* v. *Schen*, 19 N. Y., 408; *Pelton* v. *Transportation Co.*, 37 Ohio St., 450; *Jenkins* v. *Stage Co.*, 22 Cal., 538; *Galveston &c. R. R. Co.* v. *Gonzales*, 151 U. S., 496. In the case of *Cromwell* v. *Insurance Co.*, 2 Rich., 512, it was held that a corporation has its place of legal residence wherever its corporate business is done. Judge Butler, delivering the opinion of the Court, said: "I take it that residence is a place of legal abode, in its legislative meaning. A corporation must have some abiding place of local definiteness. Is there anything out of the way in saying where a bank *resides?* We all understand the import of words, 'where is a bank or other corporation situated?' It is situated where it is in the habit of doing its business." In the case of *Glaze* v. *S. C. R. R. Co.*, 1 Strob., 70, the Court held that the legal residence of a corporation is not confined to the locality of its principal office of business. Accordingly, the Court refused to set aside a writ in assumpsit served upon the president of the company at Columbia, and returnable to Richland County, notwithstanding the president resided

in Charleston, and the company had its principal office in Charleston. The company had an office in Columbia, and a part of its line was in Richland County. The Court, among other things, said: "The residence of the company, if a local residence can be affirmed of it, is most obviously where it is actively present in the operations of its enterprise." There are some expressions in the opinion that seem to sustain the appellant's contention, but they were not necessary to a decision of the point before the Court. The contest was whether the service of a writ should be set aside because the service was made, and the writ was returnable, in Richland, where the company did business and had an office, instead of in Charleston County, where the principal office was located.

Our conclusion is, that a railroad corporation, under the laws of this State, is, within the meaning of section 146 of the Code, a resident of the county or counties where its line is located, and where it maintains a public office for the transaction of its business, and an agent upon whom process may be served.

The judgment of the Circuit Court is affirmed.