6679

## ELMS v. SOUTHERN POWER CO.

JURISDICTION—FOREIGN CORPORATION.—If a corporation be sued as a foreign corporation, answer and admit such allegation, the Court in which it is sued and has answered has full jurisdiction of it, and it cannot oust such jurisdiction by showing that it has also become a domestic corporation by complying with the State statute and has no residence in the county in which it has answered.

Before DANTZLER, J., Lancaster, March, 1907. Reversed.

Action by John W. Elms against Southern Power Co. and James P. Rosemon. From Circuit order transferring case to another county for trial, plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Foreign corporation does not lose its identity by becoming domesticated:* 161 U. S., 645; 64 S. C., 143, 168; Dill. on Rem., 97; Boone on Corp., 32; Clark on Corp., 74; 13 U. S., 519. *Court acquired jurisdiction of defendant by answer:* 71 S. C., 95; 69 S. C., 278; 72 S. C., 481; 70 S. C., 503: 35 S. C., 372; 57 S. C., 164; 64 S. C., 201; 43 S. C., 186, 381; 46 S. C., 9; 62 S. C., 293; 48 S. C., 351; 46 S. C., 32; 20 S. C., 93; 35 S. C., 372. *Service of affidavit by mail five days before hearing was not sufficient:* Code of Proc., 403, 411, 412; 12 S. C., 562.

*Messrs. Morrison & Whitlock, Russell G. Lucas* and *W. C. Hough,* contra, cite: *As to jurisdiction of corporations:* Code of Proc., 144, 147; 7 Ency., 694; 36 S. E., 703, 750, 1024; 82 Ill., 493; 15 Ill., 436; 25 S. E., 283; 10 Rich., 512; 54 S. E., 657, 218. *If Court has no jurisdiction of subject-matter, it should not try the case:* 25 S. C., 385; 28 S. C., 313; 54 S. E., 218, 657; 53 S. C., 118. *Not necessary to serve affidavits:* Code of Proc., 144 to 147; 54 S. C., 368; 24 S. E., 308. *Case must be tried in county where defendant resides:* 11 S. C., 122; 25 S. C., 385; 24 S. C., 392; 28 S. C., 313; 54 S. E., 218, 657.

October 5, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order of Judge Dantzler transferring the cause for trial to Chester County, on the ground that the Court of Common Pleas for Lancaster County had no jurisdiction to try the same.

The action was commenced in the Common Pleas for Lancaster to recover damages for personal injuries, alleged

to have resulted to plaintiff in Chester County from the concurrent negligence of the defendant, Southern Power Company, and James P. Rosemon. Service was made on defendants in Chester County, and defendants appeared and made joint answer to the merits. The case was docketed for trial in Lancaster County and continued for one term. At next term, the defendant made a motion that the action be transferred for trial to Chester County, and if that request be refused to transfer to Greenville County, upon showing by affidavit that defendant Rosemon was a resident of Greenville County, and that defendant Southern Power Company was a domestic corporation, having complied with Chapter 44 of the Civil Code.

There is no evidence that the defendant company maintains an agent and conducts its corporate business in Lancaster, but, on the contrary, it appears that it maintains an agent and conducts its business in Chester County, where the injury occurred and the service was made. Sec. 1793, Civil Code, provides:

"When a foreign corporation complies with the provisions of this chapter it shall, *ipso facto*, become a domestic corporation, and shall enjoy the rights and be subject to the liabilities of such domestic corporation; it may sue and be sued in the courts of this State, and shall be subjected to the jurisdiction of this State as fully as if it were originally created under the laws of the State of South Carolina."

If, for the purposes of this action, the defendant Southern Power Company must be treated as a domestic corporation, then, upon the showing made, Chester County is the proper place for trial as to that defendant. In the absence of a statute confining residence to a particular county, a domestic corporation is resident in any county in the State where it maintains an agent and conducts its corporate business, and under sec. 146, Code of Procedure, must be sued in the county where it resides. *McGrath* v. *Insurance Co.,* 74 S. C., 70; *Dixon & Danforth* v. *Insurance Co.,* 74 S. C., 439.

On the other hand, if the defendant company must be
treated as a foreign corporation in this action, the plaintiff,
under sec. 423 of the Code of Civil Procedure, may elect
in which county to sue, and the appearance and answer of
defendant in the Court of Common Pleas for Lancaster
County, where the suit was brought, would give that Court
complete jurisdiction.

We are of the opinion that for purposes of jurisdiction
in this suit, the defendant company must be treated as a
foreign corporation.

The complaint alleges: "That the Southern Power Com-
pany now is, and was at the times hereinatfer stated, a cor-
poration duly created and existing under the laws of the
State of New Jersey, and as such entitled to sue and be sued
in the courts of this State; that said defendant has real
estate and other property situated in Lancaster County, said
State." The answer expressly admits the truth of this alle-
gation. It thus appears as a verity, by the record, that
plaintiff has elected to sue the defendant company as a for-
eign corporation, and the defendant has elected to defend
in that capacity. Thus, upon the record made, the Com-
mon Pleas for Lancaster County had full jurisdiction,
which could not be overthrown by merely showing that such
foreign corporation had become domesticated by compliance
with the statute. By such domestication, the foreign cor-
poration is subject to the jurisdiction of the courts of this
State in local matters not affecting Federal jurisdiction, as
if originally a domestic corporation, but nevertheless it still
and also has distinct entity as a foreign corporation, and
liable to be sued as such, and with right to defend as such,
in the courts of this State. *Calvert* v. *Southern Ry. Co.,*
64 S. C., 139, 41 S. E., 693; *Wilson* v. *Southern Ry. Co.,*
64 S. C., 162, 41 S. E., 971. The Common Pleas for Lan-
caster County, having acquired jurisdiction over defendant
as a foreign corporation, has jurisdiction to hear and deter-
mine the controversy, and it was error to remove the cause
to Chester County for want of jurisdiction.

There being no exception in behalf of defendant Rosemon, alleging error in not removing the cause to Greenville County because of his residence in that county, we do not consider that phase of the question.

The judgment of the Circuit Court is reversed.

MR. JUSTICE GARY *concurs in the result, as the question of jurisdiction related to the person and was waived by answering to the merits.*