12902

BYNUM v. STATE HIGHWAY DEPARTMENT

(153 S. E., 165)

*Messrs. John M. Daniel, Attorney General, Cordie Page, Assistant Attorney General, and J. Ivey Humphrey, Assistant Attorney General,* for appellants,

*Mr. A. R. McGowan,* for respondent,

April 22, 1920.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

At its 1925 session, the Legislature passed an act (34 St. at Large, page 287) amending Section 2948 of Vol. 3, Code 1922, by adding at the end thereof the following proviso:

*"Provided, further,* That any injury or damage to person or property through a defect or negligent repair of any road, causeway, ferry or bridge, or by collision with any truck or other instrumentality under the control and supervision of the State Highway Department of South Carolina, the county shall not be liable and the damages hereinabove provided for shall be recovered in a suit or action brought against the State Highway Department of South Carolina in its official name as aforesaid, to be brought and tried in the county in which the said injury or damage occurred, subject to a change of venue as in other civil actions, and any judgment recovered shall be paid by the State Highway Department of South Carolina out of its general funds."

In 1928, the General Assembly passed another act (35 St. at Large, p. 2055), approved March 10 of that year, the title

of which reads as follows: "An Act to Permit the State Highway Department to be Sued and Naming the Conditions Under Which Suit May be Instituted, and Providing for Compromise or Settlement in Certain Cases." Section 1 is, in part, as follows:

"Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any State Highway, or by reason of the negligent repair of any State Highway, or by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways, may bring suit against the State Highway Departmen for the actual amount of said injury or damage not to exceed in case of property damaged the sum of fifteen hundred dollars, and in case of personal injury or death, not to exceed the sum of four thousand ($4,000.00) dollars.  *  *  * "

The act also provides, as a prerequisite to the bringing of a suit, for the filing of a claim with the State highway department within the time named in the act, etc., and repeals all inconsistent legislation.

The case at bar commenced about February 26, 1929, was brought under the 1925 Act, to recover damages for personal injuries. The complaint alleges that on or about January 3, 1928, while the plaintiff, a minor of the age of fifteen years, was walking on and along the State public highway which connects the City of Charleston with the Town of Summerville, he was run into, upon, and against by a Ford coupe owned by the State highway department and driven by one C. W. Sanders, an agent and servant of the defendant; that plaintiff was thrown violently into a ditch on the side of the road, had his left leg broken, and was otherwise painfully and seriously injured; and that his injuries were due to the carelessness and negligence of the defendant in causing and permitting its automobile to be driven on the

public highways by a person who was physically and mentally unable to properly operate and control same, and in failing to exercise ordinary care for the protection and safety of persons using such highways.

The defendant demurred to the complaint upon the following grounds:

"1. That said complaint fails to allege that the Ford coupe automobile of defendant was actually engaged in the construction or repair of its highway.

"II. That said complaint fails to allege that plaintiff has filed a claim giving the date, place where the injury or damage occurred, and the amount claimed within ninety days after the alleged injury or damage.

"III. That the defendant is not liable under the statute providing for suits against the Highway Department for the acts of its agents and servants as alleged in said complaint."

The matter was heard by his Honor, Judge Rice, who did not pass upon the second ground, but overruled and dismissed the demurrer, holding that so much of the Act of 1925 as gave the right of action against the State Highway Department for damages incurred *"by reason of collision with any truck or other instrumentality under the control and supervision of the State Highway Department of South Carolina"* was not repealed by the Act of 1928 giving a right of action against the department for damages sustained by reason of the negligent operation of a *"motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways."* (Italics added.) From this order the defendant appeals.

This Court has recently had occasion in the case of *U. S. Casualty Co. v. State Highway Department,* 155 S. C., 77, 151 S. E., 887, 890, opinion filed February 21, 1930, and the case of *Fann v. State Highway Department,* 155 S. C., 219,

152 S. E., 429, 430, opinion filed February 24, 1930, to consider the two acts above named.

The suit in the *Casualty Co. case* was brought under the Act of 1925, the complaint alleging in effect that the automobile of one William Foor had been damaged as a result of defects in a highway controlled and maintained by the State Highway Department. The department demurred to the complaint, one of its contentions being that the Act of 1925 had been repealed by the Act of 1928, and that suit could not be brought or sustained under the former Act. This Court, in passing upon the questions involved, pointed out that, while the suit was brought against a department of the State government, it was in fact, one against the State itself, and said:

"The Statute of 1928, as well as that of 1925, is one in derogation of the sovereign power of the State. Following the general tendency of our own decisions, it is our duty to construe those acts so as to uphold the power of the State to refuse to be sued by a citizen in its own Courts, except in those instances where the State has *expressly* consented to be sued. It is the duty of, one seeking to sue the State to show that the State has given the necessary consent."

The Court also held that, although the injury alleged to have been sustained occurred while the Act of 1925 was of force, the plaintiff, if it had any right of recovery, could proceed only under the Act of 1928, "as that enactment superseded the Act of 1925. * * *"

In the *Fann Case,* also, the plaintiff undertook to bring and maintain an action under the authority of the Act of 1925, for personal injures alleged to have been sustained as a result of a defective highway. Between the date of the commencement of the action and the date of the trial, the Act of 1928 became law. In its opinion, the Court, pointing out, as it had done in the *Casualty Co. case,* that the suit was one actually against the State and could not be main-

tained except by express consent of the State, given by legislative authority, said:

"It being entirely a statutory cause of action and the Act of 1928 having replaced the Act of 1925, the plaintiff is obliged to proceed under the Act of 1928, which provided a remedy purely statutory, and was necessarily exclusive."

It is to be observed that the Court held in both these cases that the Act of 1925 had been replaced or superseded by the Act of 1928. It is true that the question in these cases cases related to injury suffered by reason of defects in highways and not by reason of negligent operation of an instrumentality under the control of the State highway department; but a further study of the acts convinces us that it was the intention of the Legislature to repeal in toto the Act of 1925 and to replace it with the Act of 1928. The two Acts relate to the same general subject, namely, the right of the citizen to bring suit against the State highway department to recover damages for injury resulting from its negligence. Prior to the Act of 1925 no such right existed, and there was no further legislation on the subject until 1928. The Acts are, in some respects, almost identical. It is true, as is made to appear in the present case, that the provisions of the Act of 1925 are more comprehensive in some respects than those of the Act of 1928, but it is to be kept in mind that the right to sue being purely statutory, the Legislature had the power not only to restrict such right, but to withdraw it altogether. We cannot escape the conclusion that it was the purpose of the Legislature to make its last enactment, that of 1928, the only law on the subject.

The demurrer should have been sustained also upon the ground that the complaint did not allege the filing of a claim, with date and place of injury, etc., as required by the Act of 1928. *U. S. Casulalty Co. v. State Highway Department, supra; Fann v. State Highway Department, supra.*

It appears that the thoroughfare on which the plaintiff was injured had been already completed by the highway commis-

sion, and it is not alleged that the Ford coupe was actually being used in the repair of that particular highway. It is not improbable, however, that the Ford car was being operated at the time of collision in connection with the construction or repair of some other highway and would, therefore, come within the terms of the Act. Hence, we think that the plaintiff should be given an opportunity to amend his complaint, as was done in the *Fann case*.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court, with leave to the plaintiff, if he be so advised, to file a claim with the highway department and apply to the Court for leave to file a supplemental complaint alleging that fact and such additional facts as will state a cause of action under the Act of 1928.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.