13266

ANCRUM v. STATE HIGHWAY DEPARTMENT

(161 S. E., 98)

*Messrs. John M. Daniel, Attorney General, Cordie Page*
and *J. Ivey Humphrey, Assistant Attorney Generals,* for appellant,

*Messrs. John K. DeLoach* and *M. L. Smith,* for respondent,

November 4, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The undisputed facts out of which this action arose are as follows: In the fall of 1929, the part of the state highway adjoining the bridge over Hanging Rock Creek in Kershaw County was undermined by flood waters, due to very heavy rainfall. In order that traffic might pass, the defendant built a ramp or temporary bridge over that portion of the highway undermined, leading up to the main bridge over the creek. On October 7, 1929, the plaintiff drove his car over this ramp onto the main bridge, where, for some reason, the car broke through the railings and was precipitated to the ground below.

The plaintiff alleged that in this accident his automobile was damaged and he was injured in his person through the negligent acts of the defendant in placing a mound of sand about twelve inches high on the end of the bridge, rendering the highway dangerous to travel, so that, when he ran upon and over this high mound, he lost control of his car, which consequently ran into the side of the bridge, breaking through and falling to the ground some ten feet below; and that the defendant was also negligent in failing to post a proper and timely notice or warning of danger to persons using the highway at that point. He also alleged that he suffered damages in the sum of $4,000.00 by reason of his personal injuries, and that his automobile was damaged in the sum of $550.00, and sought judgment for $4,550.00.

The defendant pleaded a general denial, and alleged that the highway at the point in question was in a reasonably safe condition for traffic for persons traveling in a prudent and careful manner; that proper signs, signals, and notices had been placed along and posted on the highway as a warning to all persons; and that if the plaintiff had suffered any injury as alleged, it was due to his own negligence in the imprudent and careless driving of his car and in failing to

heed the posted warnings and signs. The jury gave a verdict for $250.00 for property damage and $500.00 for personal injuries. From judgment entered thereon the defendant appealed.

On trial of the case, the plaintiff attempted to prove the alleged filing with the defendant of his claims—for property damage and personal injuries—by parol testimony and copies thereof. The defendant objected on the ground that such proof would be in violation of the best evidence rule, no notice having been given to it to produce the original claims. Thereupon, plaintiff made demand on defendant to produce them, but counsel for defendant stated he knew nothing about them and did not have them. The trial Judge then overruled the objection and admitted the testimony. To this ruling of the Court, the defendant excepts and imputes error.

Section 3 of the Act March 10, 1928 (35 Stat. at Large, p. 2056) provides: "That a claim giving the date, place where the injury or damage occurred, and the amount claimed must be made out, sworn to, and filed with the State Highway Department within ninety days after the alleged injury or damage."

This Court has held that an action against the State Highway Department is an action against the State; that the Act of 1928 (35 Stat., p. 2055), being in derogation of the sovereign power of the State, must be strictly construed; that one seeking to avail himself of the consent of the state to be sued must fully comply with the prescribed terms and conditions of the statute; and that the filing of a claim as required by the Act is an essential prerequisite to a right of action. *United States Casualty Company v. Highway Department,* 155 S. C., 77, 151 S. E., 887; *Fann v. Highway Department,* 155 S. C., 219, 152 S. E., 429; *Bynum v. State Highway Department,* 156 S. C., 232, 153 S. E., 165. Further, if no allegation of the filing of a claim is made, no cause of action is stated. *Ouzts v. State Highway Department,* 161 S. C., 21, 159 S. E., 457.

From a careful consideration of these decisions, we hold that the filing of a claim as required by the statute is a material matter and that proof of its contents is subject to the best evidence rule. In the case at bar, the notice to produce the original claims was clearly not reasonable. It was during the trial of the case, calling for instant compliance, although the natural repository of such claims was the defendant's office at Columbia, thirty-two miles from the place of trial. We think that the Court, under the facts and circumstances disclosed by the record, committed error in allowing the claims to be proved by secondary evidence. The exceptions raising this question, therefore, are sustained.

As there must be a new trial, the only other matter which this Court need now consider is the appellant's contention that a claimant in an action against the State Highway Department cannot recover for an amount in excess of the claim filed by him; and that in the case at bar, as admittedly no claim for damages for personal injuries in excess of the sum of $300.00 was filed with the department by the plaintiff, a verdict allowing damages for $500.00 cannot stand. In view of the holdings of this Court, interpretative of the Act of 1928, we conclude that a claimant in a suit against the State Highway Department is limited in his recovery to the amount of his verified claim filed with the department—of course, this does not preclude a revision or amendment of the claim within the ninety days allowed by the statute. In the present case, if plaintiff, in the matter of damages for personal injuries, filed a claim with the department for $300.00, as he attempted to show, then he cannot recover on trial of the case a greater amount for such injuries than $300.00.

The judgment below is reversed, and the case remanded for a new trial consistent with the views herein expressed.

Mr. Chief Justice Blease and Messrs. Justices Cothran, Carter, and Bonham concur.