13542

LANDRUM *ET AL. v.* STATE HIGHWAY DEPT.

(167 S. E., 164)

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistants Attorney General,* for appellant,

*Messrs. Morgan & Cothran,* for respondents,

December 28, 1932.

The opinion of the Court was delivered by Mr. Justice Stabler.

The facts out of which these two cases arose, as shown by the record, may be briefly stated : An automobile, the property of the Landrum-Chiles Company, while being driven by Mrs. Elva G. Landrum, a resident of Greenville, on a paved State highway in Richland County, about thirteen miles from the City of Columbia, ran' off the road, and she was killed. The accident happened at a point where there was a slight curve in the highway, and where defendant's em-

ployees had newly painted a center line on the pavement. These employees, all of whom live in or near the City of Columbia, were not present when the accident occurred, but arrived upon the scene shortly thereafter. They saw the position of the automobile, and are material witnesses for the defendant. Both actions were brought against the State Highway Department in the Court of Common Pleas for Greenville County; one by the administrator of the estate of Mrs. Landrum for damages for the wrongful death of his intestate, and the other by the Landrum-Chiles Company for injuries to its automobile. The defendant made a motion in each of the cases, supported by affidavits, for a change of venue to Richland County, upon the following grounds: (1) That the cases were properly triable in Richland County; and (2) that the change would promote the convenience of witnesses and the ends of justice. The matter was heard by his Honor, Judge Oxner, and, from his order refusing the motions, this appeal is taken.

There are three exceptions. The first alleges that the Circuit Judge committed error in refusing the motions, "for the reason that the causes of action arose in Richland County, where the office and residence of the appellant is located, and are therefore properly triable in Richland County."

Prior to the year 1925, there was no statute permitting an action in tort against the State Highway Department. In that year, however, the Legislature passed an Act (34 St. at Large, page 287) amending Section 2948 of Volume 3 of the Code of 1922 so as to permit actions or suits to be brought against that department in its official name for "any injury or damage to person or property through a defect or negligent repair of any road," etc., under its control and supervision, any such action "to be brought and tried in the county in which the said injury or damage occurred." In 1928 another Act was passed (35 St. at Large page 2055) "to Permit the State Highway Department to be Sued and Naming the Conditions Under Which Suit May be Insti-

tuted, \* \* \* " but containing no provision as to where the action should be brought and tried. The Legislature at its 1931 session amended the Act of 1928 by adding thereto two sections, Nos. $3\frac{1}{4}$ and $3\frac{1}{2}$ (37 St. at Large, page 337). This suit is brought under the amended 1931 Act.

In several decisions this Court has had occasion to consider the Acts of 1925 and 1928. In *United States Casualty Company v. Highway Department,* 155 S. C., 77, 151 S. E., 887, the Court observed that, while the suit was brought against a department of the State government, it was in fact one against the State itself. In *Fann v. Highway Department,* 155 S. C., 219, 152 S. E., 429, 430, the holding in the *Casualty Company case* was approved, the Court adding: "It being entirely a statutory cause of action, and the Act of 1928 having replaced the Act of 1925, the plaintiff is obliged to proceed under the Act of 1928, which provided a remedy purely statutory, and was necessarily exclusive." in *Bynum v. Highway Department,* 156 S. C., 238, 153 S. E., 167, the Court, in considering the same question, said: "A further study of the Acts (1925 and 1928) convinces us that it was the intention of the Legislature to repeal in *toto* the Act of 1925 and to replace it with the Act of 1928."

The appellant contends that it was the intention of the Legislature, in the enactment of the 1928 statute, to leave in force that part of the Act of 1925 which provides that all suits against the State Highway Department shall be brought and tried in the county where the injury or damage occurs. It appears, however, that the holdings of this Court in the several recent decisions above cited are conclusive against the appellant on that point. As the provision of the Act of 1925, that the action must be brought and tried in the county where the injury or damage occurred, is no longer effective, appellant's position cannot be sustained unless there is some other similar provision of law. Certain provisions of the Code of 1932 are cited as being applicable to the question made. Section 426 provides in

part that the Circuit Judge may change the place of trial, "when the county designated for that purpose in the complaint is not the proper county"; and Subdivision 2 of Section 421 of the Code provides that an action must be tried in the county where the cause or some part thereof arose, "against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command or in his aid, shall do anything touching the duties of such officer."

Appellant cites *Gregory v. McInnis,* 140 S. C., 52, 134 S. E., 527, as a case so similar in principle as to be controlling. That was an action for a writ of mandamus against the members of the State Board of Veterinary Examiners; the Court held that the county in which the cause of action arose was the proper county, under what is now Subdivision 2 of Section 421 of the Code of 1932, for the trial of the case. It is to be observed, however, that while that suit was brought against the members of a State board, the action in the present case is against a department of the State, which this Court has held is an action against the State itself. We do not think, as contended, that there is such a similarity of principle in the two cases as would make the decision in the *Gregory case* controlling in the case at bar. In the absence of specific statutory directions as to where an action of the kind before us shall be brought and tried, we see no good reason why it cannot be brought and tried in the county where the plaintiff resides. It is true, as pointed out by the appellant, that it might be well in the trial of cases of this kind to have the jury view the scene of the accident; that in this particular case it might be of great importance; and that if the case should be tried in Greenville County such course would be impracticable and costly. The matter, however, is one for the Legislature, which it will no doubt consider when called to its attention.

Exception 2 alleges error on the part of Judge Oxner in refusing the motion, made on the ground that the change

would promote the convenience of witnesses; and exception 3 alleges error in his refusal of the motion, made on the ground that the change would promote ends of justice. The respondents made the point that these exceptions should not be considered because neither one of them contains a concise statement of one proposition of law or contains within itself a complete assignment of error as required by Section 6 Rule 4 of this Court. We think there is merit in this contention. In *Castles v. Lancaster County,* 74 S. C. 512, 55 S. E. 115, it is pointed out that "the convenience of witnesses" and "the ends of justice" together are but a single ground for change of venue. However, we have considered the exceptions and find them to be without merit.

In *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828, 830, the Court, in disposing of a similar question, said:

"The next and final inquiry is whether the action, having been thus properly brought in the County of Saluda, should have been removed upon the showing made to the County of Newberry for the convenience of witnesses and the promotion of the ends of justice.

"It is essential to the support of a motion to change the place of trial, based upon the grounds just stated, to establish by competent evidence the existence of both conditions. It is not sufficient to show that the mere convenience of the witnesses will be promoted by the change or the ends of justice will be thereby promoted, but the Circuit Judge should be controlled in the exercise of his judicial discretion by the plain words of the statute, and both requirements of the same must be met. *Utsey v. Railway Co.,* 38 S. C. 405, 17 S. E. 141.

"It has likewise been determined that the movant in such motions cannot rely merely on the beliefs, opinions, and conclusions of the witnesses offered in support of the motion without a disclosure of the evidence relied on. *Adams et al. v. Fripp et al.,* 108 S. C. 234, 94 S. E. 109.

"It is equally well settled in this state that a motion to change the place of trial upon this statutory ground is addressed to the sound judicial discretion of the Circuit Judge (40 Cyc. 136, *Gower v. Thomson*, 6 S. C. 313; *Barfield v. Coker, supra* [73 S. C. 181, 53 S. E. 170]; *Adams et al., v. Fripp, supra; Panama, etc., v. Savings Bank,* 114 S. C. 290, 105 S. E. 444), which will not be disturbed by the Court except in cases of manifest error."

We have carefully examined the affidavits filed by the appellant in support of its motions, and conclude that the evidence furnished did not meet the requirements of the tests laid down in the *Bedenbaugh Case*. As held in that case, this gound of the motion is addressed to the judicial discretion of the Circuit Judge, and his holdings should not be disturbed unless there is manifest error. We find no abuse of discretion amounting to error of law.

The Order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.