16748

FORDHAM v. FORDHAM

(76 S. E. (2d) 299)

*Messrs. Stoney & Crosland,* of Charleston, *for Respond-
ent-Appellant,*

*Mr. Charles H. Gibbs, County Attorney,* of Charleston, *for Respondent,*

June 1, 1953.

STUKES, Justice.

This appeal turns upon the solution of the problem which is concisely stated in respondent's brief as follows:

"The Act under which the Domestic Relations Court of Charleston County is established (Section 15-1101 *et seq.,* 1952 Code; Section 256-1, 1942 Code) is applicable only to counties containing a city with a population of 70,000. The

appellant's first objection is based on the ground that the provisions of the Domestic Relations Court Act relating to service upon and jurisdiction of a defaulting father or husband (Section 15-1233, 1952 Code; Section 256-46, 1942 Code) constitute a special law in a situation where the general venue statute (Section 10-303, 1952 Code; Section 422, 1942 Code) has already been made applicable."

Appellant's attack is that 1952 Code Sec. 15-1233 (2), which provides that the court shall have jurisdiction over a defaulting husband and father, quoting, "* * * if, at the time of the filing of the petition for support * * * He is not residing or domiciled in the county but is found therein at such time and the petitioner is so residing or domiciled at such time," is invalid for contravention of Art. III, Sec. 34, subdivision 9, of the Constitution of 1895 forbidding special laws where a general law can be made applicable. It is seen that the quoted provision substitutes residence of the petitioner for the residence of the respondent or defendant which is requisite under the general law.

The constitutional question is properly raised under the facts of the case which follow. Appellant has resided in Berkeley County for many years where he maintained a home for his wife and several children. He and his wife quarreled on Labor Day, 1951, which was September 3. This proceeding against him was by summons and petition, filed September 19, 1951, in which it was alleged that appellant ordered and drove petitioner from their Berkeley County home on Labor Day which, as said, was the preceding September 3rd. Petitioner took the children with her into Charleston County and seeks in this proceeding to enforce the support of them. Upon service of process upon him while temporarily in Charleston County, appellant appeared specially to contest the jurisdiction of the court upon several grounds, including that stated above which we think controls the controversy. It is added in fairness to appellant that, by stipulation of counsel, it appears of record that he has contributed during the pendency of this proceeding the total

amount of $1,365.00 for the support of the children. Decisions which struck down special enactments of some similarity to that involved in this case may be found in the footnotes at pp. 158-160, Vol. 7, Code of 1952. See particularly, *State v. Ferri,* 111 S. C. 219, 97 S. E. 512; *Gillespie v. Pickens County,* 197 S. C. 217, 14 S. E. (2d) 900, and *Owens v. Smith,* 216 S. C. 382, 58 S. E. (2d) 332. Parallel is also found in *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316, where the attempted delegation by special enactment of the police power to the governing board of Charleston County was held unconstitutional.

■ Inferior courts, such as that of original jurisdiction here, may be created by general or special enactments, Constitution of 1895, Art. V, Sec. 1, but that is a far cry from the inclusion therein of alterations of the general laws which govern venue. The right of a resident to be sued in his own county has long been held to be a valuable one. 18 South Carolina Digest, Venue, Key No. 21, page 485. Conceivably, under the decisions of the lower courts in this case, he could be sued in any number of counties other than that of his residence.

■ The constitutional question which we have found it necessary to decide and reluctantly, as always, sustain, thereby invalidating the subsection of the Code which has been attacked, is very like that presented and similarly decided in *State v. Columbia Ry., Gas & Electric Co.,* 129 S. C. 455, 124 S. E. 758. That case involved the venue of an action by the State, authorized by a special act which provided that the suit might be brought in any county and it was instituted in a county other than that of the defendant. It was held, as here, that the special venue provision was invalid because unconstitutional.

To sustain the decision under appeal respondent relies upon *City of Columbia v. Smith,* 105 S. C. 348, 89 S. E. 1028, but that case was quite different and was only concerned with the validity of a special act relating to the draw-

ing of juries in the Recorder's Court of the City of Columbia. Any generalizations in the opinion in that case which went further than the stated issue were unnecessary and are not authority here.

Respondent also filed an additional ground to sustain the judgment under appeal, to the effect that the case is a "special proceeding" rather than an "action" and is not governed by the general venue statute, Sec. 10-303, which we think controls. The conclusion is, we think, a *non sequitur* and no authority was cited in the brief to support the contention that a special proceeding under the code is not subject to the cited general venue law as is an action, in the absence of other applicable statutory provision. Granting, without deciding, the premise that the case in hand is a special proceeding rather than an action, although appellant was brought into court by means of service of a summons, it does not follow that Sec. 10-303 is inapplicable. There appears to be no other code section which prescribes the venue of a special proceeding, which is negatively defined by Sec. 10-9. The intention of the framers of the code must then have been that Sec. 10-303 applied alike to actions and special proceedings, in the absence of specific provision as was applicable to mandamus in *La Motte v. Smith,* 50 S. C. 558, 27 S. E. 933, and *State ex rel. Kirven v. Scarborough,* 70 S. C. 288, 49 S. E. 860, which is now Sec. 10-2103 of the Code of 1952.

This has been the construction of other courts. "The codes and statutes do not, it seems, undertake to set out any complete and regular system of procedure for special proceedings generally; but it is sometimes provided that the provisions with regard to civil actions shall be followed in special proceedings, not otherwise regulated, in so far as they are applicable, and the same rule has been held to apply in the absence of express provision to this effect." 1 C. J. S., Actions, § 42, page 1096. Our own court was faced with the question in *Ex parte Ware Furniture Co.,* 49 S. C. 20, 27 S. E. 9, which related to a confession of judgment—not an

action. The able Judge Benet held there on circuit, following the general venue statute, that the venue of a judgment by confession lay exclusively in the county of residence of the confessor. On appeal, the court of four members equally divided which resulted in affirmance.

It is seen from the foregoing that there is no question here concerning change in the place or county of trial. The decision under appeal was that appellant was subject to trial in Charleston County which he challenged by succesive appeals to the Court of Common Pleas (which affirmed) and to this Court, and that has made the contest. To the issue of it, of course, the decision is confined.

Reversed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.