### 17647

Fred A. DEESE, Respondent, v. J. N. WILLIAMS and South Carolina Highway Department of which J. N. Williams is, Appellant

(113 S. E. (2d) 823)

*Messrs. Lee & Moise,* of Sumter, *for Appellant,*

*Messrs. Murchison, West & Marshall,* of Camden, *for Respondent,*

April 18, 1960.

LEGGE. Justice.

Plaintiff, a resident of Kershaw County, seeks in this action to recover damages for personal injuries alleged to have been sustained by him as the result of a collision in Lancaster County in which three motor vehicles were involved, *viz.*: an automobile that he was driving, a truck of the defendant South Carolina Highway Department, and a truck of the defendant J. N. Williams, who is a resident of Lee County. He charges in his complaint that his injuries were caused by the joint negligence and recklessness of the defendants, their agents and servants. Venue was laid in Kershaw County, and Williams appeals from an order of the circuit court refusing his motion to change it to Lee County.

That the Highway Department is a material defendant and joined in good faith is not questioned. Appellant's contention is simply this: that the statute (Code 1952, Section 33-229) permitting actions *in tort* against it should not be so construed as to deprive an individual codefendant in such an action of his right to trial in the county of his residence.

In the early days of the common law, when jurors were in fact witnesses, every action was required to be brought in the county in which the cause of action arose. Later, distinction was made between an action essentially local and one that was transitory in nature. The former was triable only

where the cause of action arose; the latter, wherever personal service could be made upon the defendant. And that rule was rigidly enforced at common law. 56 Am. Jur., Venue, Section 3.

Under our form of government the legislative power of the General Assembly is subject only to such restrictions as are contained in the Constitution of this State or of the United States. *Byrd v. Lawrimore,* 212 S. C. 281, 47 S. E. (2d) 728; *State ex rel. Thompson v. Seigler,* 230 S. C. 115, 94 S. E. (2d) 231. There is no constitutional requirement that any action be brought in the county of the defendant's residence; and it is therefore within the power of the General Assembly to make such provisions for venue as it may deem proper, so long as they do not, by arbitrary and unreasonable discrimination against particular persons, violate the fundamental guaranties of due process and equal protection. 12 Am. Jur., Constitutional Law, Section 545; 56 Am. Jur., Venue, Section 4; *Allen v. Smith,* 1911, 84 Ohio St. 283, 95 N. E. 829, Ann. Cas. 1912C, 611. No such constitutional impediment is suggested here.

Our statute (Code 1952, Section 10-303) provides that transitory actions, such as the present, shall be tried in the county in which the defendant resides at the time of the commencement of the action. Its language is mandatory, and the right that it gives to the defendant is a valuable and substantial one, *Fordham v. Fordham,* 223 S. C. 401, 76 S. E. (2d) 299; *Lee v. Neal,* 233 S. C. 206, 104 S. E. (2d) 291. But it is within the power of the General Assembly, subject to constitutional limitations, to restrict that right, or even to abolish it. In its original enactment in 1870 (XIV Stat. at L. 453) as Section 148 of the new Code of Procedure, it was restricted by the provision that it should be subject to the power of the court to change the place of trial when (Section 149) there was reason to believe that an impartial trial could not be had in the county of the defendant's residence or when the convenience of witnesses and the ends of justice would be promoted by such

change. It was further, and as a matter of practical necessity, restricted by the amendment of March 17, 1875 (XV Stat. at L. 913), which permitted the plaintiff, where there were several defendants not all residing in the same county, to lay the venue in any county in which one or more of the defendants resided when the action was commenced.

Although no legislation specifies the place of trial of a transitory action against a corporation, we have construed Section 10-303 as applicable in such cases and have held that for the purpose of venue a corporation is a resident not only of the county where its principal office is located, but also of any county in which it has an office and conducts its corporate business. *Tobin v. Chester & L. Narrow-Gauge R. Co.*, 47 S. C. 387, 25 S. E. 283, 58 Am. St. Rep. 890; *McGrath v. Piedmont Mutual Ins. Co.*, 74 S. C. 69, 54 S. E. 218; *Elms v. Southern Power Co.*, 78 S. C. 323, 58 S. E. 809; *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25; *Sanders v. Allis Chalmers Mfg. Co.*, S. C., 111 S. E. (2d) 201.

Since such corporate activity within a county constitutes residence for venue purposes, it follows that if there be two defendants in a transitory action, one corporate and the other individual, resident in different counties, the plaintiff has the same choice of venue that would have been available to him had both defendants been natural persons. *Hayes v. Seaboard Air Line Ry.,* 98 S. C. 6, 81 S. E. 1102; *Smyer v. Southern R. Co.,* 110 S. C. 292, 96 S. E. 483; *Campbell v. Mutual Benefit Health & Accident Ass'n, of Omaha, Neb.,* 161 S. C. 49, 159 S. E. 490; *Tucker v. Ingram, supra.*

By the Act of April 14, 1925 (XXXIV Stat. at L. 287), which first permitted actions *in tort* against the State Highway Department, such actions were limited to those for "injury or damage to person or property through a defect or negligent repair of any road, ferry, causeway or bridge or by reason of collision with any truck or other instrumentality" under its control and supervision; and such actions were required "to be brought and tried in the county in which the said injury or damage occurred." This Act was repealed

(*Bynum v. State Highway Department*, 156 S. C. 232, 153 S. E. 165) by the Act of March 10, 1928 (XXXV Stat. at L. 2055), which provided that 'any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any State Highway, or by reason of the negligent repair of any State Highway, or by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways, may bring suit against the State Highway Department for the actual amount of said injury or damage not to exceed in case of property damaged the sum of fifteen hundred dollars, and in case of personal injury or death, not to exceed the sum of four thousand ($4,000.00) dollars." Venue of such actions was not specified. The 1928 Act was amended in 1931 to provide for survival of the right of action for such injury and death; and, as so amended, it was incorporated in the comprehensive Act of June 13, 1951 (XLVII Stat. at L. 457), which recodified the law relating to the State Highway Department. A further amendment in 1953 raised the limit of recovery for personal injury or death to $8,000.00; and another, in 1959, raised the limit of recovery for property damage to $3,000.00. As thus amended, the pertinent provisions of the 1951 Act appear in the 1952 Code and the 1959 Supplement thereto as Sections 33-229 through 33-233.

*Landrum v. State Highway Department*, 1932, 168 S. C. 39, 167 S. E. 164, 165, was concerned with two actions against the Highway Department arising out of alleged defect in or negligent repair of a State highway in Richland County. Holding that under the 1928 Act as amended venue was properly laid in Greenville County, where the plaintiffs resided, the court said: "In the absence of specific statutory directions as to where an action of the kind before us shall be brought and tried, we see no good reason why it cannot

be brought and tried in the county where the plaintiff resides."

By this holding the statute in question was, in effect, construed as authorizing a tort action against the Highway Department to be brought in any county of the State. It is a matter of common knowledge that the Department has offices, and is engaged in the performance of its functions, in every county; and, for that reason, the decision in the *Landrum case* may be viewed as recognizing it as "resident", for venue purposes, in each county. On the other hand, the conclusion is warranted that in the court's opinion the General Assembly, having inherent power to fix venue, intended by the statute, without regard to any theory of "residence", to authorize such actions to be brought in any county. We note, in passing, that the provision of the 1925 Act fixing venue in the county "in which the said injury or damage occurred" was neither expressly nor by necessary implication referable to the theory of "residence".

We are bound, under the rule of *stare decisis,* by the holding in the *Landrum case.* Whether we rationalize it on the theory of residence or on the inherent power of the General Assembly to fix venue, it follows, in our opinion, that a personal codefendant in such an action may not insist, as a matter of right, that the venue be laid originally in the county of his residence. He has, of course, the right to move for change of venue under Subsection (2) or (3) of Section 10-310.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.