272 S.C. 324 (1979)
252 S.E.2d 35
Dora WHETSTONE, Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION and Bell Lewis, Defendants, of whom South Carolina Department of Highways and Public Transportation is Appellant. Andrew WHETSTONE, As Administrator of John Henry Benjamin, Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION and Bill Lewis, Defendants, of whom South Carolina Department of Highways and Public Transportation is Appellant. Ann Bell BENJAMIN, by her guardian ad litem, Andrew Whetstone, Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION and Bell Lewis, Defendants, of whom South Carolina Department of Highways and Public Transportation is Appellant.
20865
Supreme Court of South Carolina.
January 30, 1979.
*325 Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Victor S. Evans and Asst. Atty. Gen. Keith M. Babcock, Columbia, and Brown, Jefferies & Boulware, Barnwell, for appellant.
Blatt & Fales, Barnwell, and Zack E. Townsend, Orangeburg, for respondents.
James F. Walsh, Jr., Orangeburg, for defendant Lewis.
January 30, 1979
RHODES, JUSTICE:
This appeal is from an order denying the motion of appellant South Carolina Department of Highways and Public Transportation (hereafter the Department) for a dismissal or, in the alternative, for a change of venue of the present actions.
Consolidated in this appeal are three lawsuits which arose from a collision in Orangeburg County between a highway department motor grader and an automobile driven by Bell Lewis and having as its passengers Ann Bell Benjamin and John Henry Benjamin, the latter now deceased. The plaintiffs *326 are seeking damages from the Department and Bell Lewis for personal injuries and wrongful death alleged to have been sustained by the passengers as a result of the accident. The record reflects that this accident occurred in Orangeburg County, and that all of the plaintiffs and the individual defendant Bell Lewis are likewise residents of Orangeburg County. The actions were commenced in Barnwell County. The defendants appeal from an order of the lower court which determined that venue had been properly laid, thereby refusing to dismiss the actions or transfer the cases to Orangeburg County. We reverse.
Appellants argue that the Court of Common Pleas for Barnwell County, located within the Second Judicial Circuit, is not the proper court to entertain these actions because § 15-77-50 requires that suits against state agencies be commenced in the circuit where the cause of action arises. The Department's motion before the trial judge urged dismissal of the suits on the ground that the Barnwell court did not has jurisdiction over the Department for tort actions occurring in Orangeburg County, which lies within the First Judicial Circuit. The motion alternatively requested a transfer of venue to Orangeburg County under § 15-7-100(1), allowing such transfer when the wrong county is designated by the complaint, and under § 15-7-100(3), providing a change of venue for convenience of witnesses and the promotion of the ends of justice.
The primary contention of appellants is that it was error for the lower court to refuse to follow the venue provisions of § 15-77-50 and, instead, to rely on Deese v. Williams, 236 S.C. 292, 113 S.E. (2d) 823 (1960) and Landrum v. South Carolina Highway Dept., 168 S.C. 139, 167 S.E. 164 (1932) as controlling authority. We agree and find that consideration of this contention will properly dispose of the issues herein presented without reaching appellants' alternative arguments under § 15-7-100(3).
*327 Section 15-77-50, entitled Jurisdiction and venue of actions affecting State agencies and officials, provides that:
The circuit courts of this State are hereby vested with jurisdiction to hear and determine all questions, actions and controversies, other than those involving rates of public service companies for which specific procedures for review are provided in Title 58, affecting boards, commissions and agencies of this State, and officials of the State in their official capacities in the circuit where such question, action or controversy shall arise.
The only case directly interpreting the language contained in this section concluded it to be essentially a venue statute which has as its purpose "... to fix the venue of such actions `in the circuit where such question, action or controversy shall arise'." Harrison v. South Carolina Tax Commission, 261 S.C. 302, 306, 199 S.E. (2d) 763, 764 (1973). Supportive of this conclusion is underlying legislative history as exemplified by the original title of the precodified Act, wherein the Act purported:
... to provide for the jurisdiction of the circuit courts with reference to questions, actions and controversies affecting boards, commissions, and agencies ... and to provide where such proceedings shall commence. (emphasis added) Act No. 624, Acts and Joint Resolutions of the General Assembly (1954) p. 1541. While the respondent argues that the language of § 15-77-50 is permissive and should not operate to mandate the venue of actions against the Department, we disagree in light of the legislative and judicial history of the Act which employs the mandatory language of shall in directing where actions against state agencies are to be commenced.
It is apparent that the lower court order failed to take into account the interpretation given § 15-77-50 in the Harrison case. Instead, it relied upon the case of Landrum, supra, and Deese, supra, both of which cases in our judgment, *328 have no decisive effect upon the question before us. In Landrum, the court noted that there was not in existence at that time a statute containing venue limitations on suits against the highway department. While the court recognized that the original Act (Act No. 189, Acts and Joint Resolutions of the General Assembly, 1925) which first permitted tort actions against the Department, had provided that the action be brought and tried in the county where the injury or damage occurred, it found that the 1925 Act had been totally repealed by a subsequent Act (Act No. 1055, Acts and Joint Resolutions of the General Assembly, 1928) which contained no legislative mandate regarding venue. The Landrum court caveated its opinion so as to invite future directives on venue by the legislature:
In the absence of specific statutory directions as to where an action of the kind before us shall be brought and tried, we see no good reason why it cannot be brought and tried in the county where the plaintiff resides.... The matter, however, is one for the Legislature, which it will no doubt consider when called to its attention. 167 S.E. at 165.
The statutory provisions regulating venue which were notably absent at the time of the Landrum decision were later enacted by the legislature in 1954 by Act No. 624, which is now codified as § 15-77-50. Thus the Landrum case would not herein be controlling, such case pre-dating § 15-77-50 by more than twenty years.
The Deese case cited in the lower court order held that the Department could be sued in any county by determining that it was "... bound, under the rule of stare decisis, by the holding in the Landrum case." Id., 236 S.C. at 298, 113 S.E. (2d) at 826. What the Deese case failed to consider was that the statutory law had changed since the Landrum decision. In fact, the Deese decision makes no reference to what is now § 15-77-50, which provides a venue limitation not in existence at the time of Landrum. This failure of the court to consider § 15-77-50 is explained by *329 the fact that the Department was not a party to the appeal nor does it appear that either of the individual parties who appealed attempted to assert it as a factor in the case.
We accordingly conclude that § 15-77-50 should be applied to the cases involved in this appeal. Although appellants contend that the application of this statute would require a dismissal of these actions for lack of jurisdiction, we do not agree. A court which may be without proper venue to try a cause on its merits, nevertheless, has authority to change venue to the proper county under § 15-7-100(1), and upon a proper showing, it becomes the court's imperative duty to do so. Ex Parte Jones, 160 S.C. 63, 158 S.E. 134 (1931). Brigman v. One 1947 Ford Convertible Coupe Automobile, 213 S.C. 546, 50 S.E. (2d) 688 (1948). Under our holding that the statute in question is applicable to the present action, the trial court erred as a matter of law in refusing to change venue to a proper county under § 15-7-100(1). Lucas v. Atlantic Greyhound Federal Credit Union, 268 S.C. 30, 231 S.E. (2d) 302 (1977). In view of the foregoing, we do not reach appellants' alternative position for change of venue under § 15-7-100(3).
The order appealed from is reversed and is remanded for the entry of an order changing the venue from Barnwell County to Orangeburg County. However, the fact that the plaintiffs brought these actions in the wrong county does not confer upon the defendants the absolute right to designate in which of the three proper counties within the First Judicial Circuit (Orangeburg, Calhoun, or Dorchester) the action shall be tried. Mack v. Nationwide Ins. Co., 245 S.C. 619, 142 S.E. (2d) 50 (1965). The plaintiffs may move to have these cases transferred as a matter of right from Orangeburg County to either Dorchester or Calhoun counties if they be so advised. Our ruling herein does not preclude any party to these suits, if they be *330 so minded, from moving for a change of venue under § 15-7-100(3).
Reversed and Remanded.
LEWIS, C.J., and LITTLEJOHN and GREGORY, JJ., concur.
NESS, J., disqualified.