### 21102

In the Matter of 1972 CAPRI ID GAECMRH7509 et al., Dick Herriman Ford, Inc., Herndon Motor Co., Inc., and Peacock Buick Company, Respondents, v. SOUTH CAROLINA DEPARTMENT OF HIGH-WAYS AND PUBLIC TRANSPORTATION, Charles Aull, Administrative Assistant to the Chief Highway Commissioner and Rawl's Auto Auction Sales, Inc., Appellants.

(261 S. E. (2d) 307)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard D. Bybee,* and *Charles E. Carpenter, Jr.,* and *Donald V.*

*Richardson, III,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellants.*

*Love, Thornton, Arnold & Thomason, Greenville, for respondents Dick Herriman Ford, et al.*

*Herman E. Cox,* Greenville, *for respondents H. L. Irvin, et al.*

December 31, 1979.

NESS, Justice:

This appeal is from an order reversing appellant South Carolina Department of Highways and Public Transportation's decision not to revoke certain certificates of title found to have been erroneously issued. We affirm.

Respondents, three Virginia automobile dealerships, had a course of dealing with H. L. Irvin, Inc., a Greenville County dealership, whereby Irvin would take immediate delivery of used automobiles it intended to purchase from respondents, receiving the outstanding certificates of title when it honored drafts for their purchase price. Irvin auctioned many of those vehicles through appellant Rawl's Auto Auction Sales, Inc. If the certificates of title had not yet been received, Rawl's would apply to the Department for new certificates of title, warranting title for the protection of its customers. It was then the Department's policy to issue new certificates of title on the basis of Rawl's warranty.

In late 1977, Irvin fell behind in its payments to respondents. A few months later respondents petitioned the Department to revoke and seize the certificates of title covering the vehicles for which they had not been paid, alleging the Department's policy violated § 56-19-240(3)(a), Code of Laws of South Carolina (1976). Appellant Aull conducted an administrative hearing for the Department and, despite finding that the certificates of title had been erroneously issued, refused to order that they be revoked. Respondents appealed this decision to the circuit court, which reversed.

Appellants first argue respondents lacked standing to seek review of the Department's order. We disagree.

Code §§ 56-19-110 and 1-23-380 (Cum. Supp. 1978) both allow persons "aggrieved" by a Department decision to seek review thereof in the circuit court. Respondents were aggrieved by the Department's decision not to suspend or revoke the erroneously issued certificates of title in at least one respect. So long as those certificates remained in Rawl's transferees' possession, those transferees had *prima facie* evidence of ownership of the titled automobiles. *Grain Dealers Mut. Ins. Co. v. Julian,* 247 S. C. 89, 145 S. E. (2d) 685 (1965); *Bankers Ins. Co. of Pa. v. Griffin,* 244 S. C. 552, 137 S. E. (2d) 785 (1964). Respondents therefore would have had the additional burden of rebutting that presumption of ownership in any action for the recovery of the vehicles or their price.[1] We believe this was sufficient to confer standing to seek review of the Department's decision.

Appellants next assert venue was improperly laid in Greenville County. We disagree.

Code § 1-23-380(b) provides that "[p]roceedings for review [of agency decisions] are instituted by filing a petition in the circuit court . . ." Nowhere does the Code specify *which* circuit court has jurisdiction to review agency decisions. In the absence of specific statutory direction as to where a proceeding of this kind shall be brought, we hold review of agency decisions may be had in any circuit court so long as the chosen forum is neither arbitrary nor unreasonable. *Cf. Deese v. Williams,* 236 S. C. 292, 113 S. E. (2d) 823 (1960); *Landrum et al. v. State Highway Dept.,* 168 S. C. 139, 167 S. E. 164 (1932).

---

[1] We take no position on the merits of any subsequent action by respondents to recover the vehicles or their price other than to reaffirm our holding in *Clanton's Auto Auction Sales, Inc. v. Young et al.,* 289 S. C. 250, 122 S. E. (2d) 640 (1961).

Review in Greenville County was neither arbitrary nor unreasonable. Irvin and the banks it used to conduct business with respondents were located in Greenville County, and the Department maintains offices and agents there. Moreover, Rawl's dealt with Irvin over an extended period of time knowing Irvin was located in Greenville County and it might be called upon to prosecute or defend actions arising there. Under these circumstances, we hold venue was proper.

Appellants next contend the circuit court erred in reversing the Department's order. We disagree. Code § 56-19-440(1)(a) provides:

"The Department *shall* suspend or revoke a certificate of title:

(1) If it finds

(a) the certificate of title was fraudulently procured *or erroneously issued* . . ." (Emphasis supplied.)

This provision is mandatory. 1960-61 Op. Atty. Gen. 247 (1961); 82 C. J. S. Statutes § 380(a) (1953). Once the Department found the certificates of title had been erroneously issued, it had no choice but to suspend or revoke them. Its refusal to do so directly violated Code § 56-19-440(1)(a), *supra*. The circuit court acted within its discretion under Code § 1-23-380(g)(1) (Cum. Supp. 1978) in reversing the Department's order.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.