23112

Joseph K. NEWSOM, Sr., M.D., Respondent v.
STATE BOARD OF MEDICAL EXAMINERS, Appellant.

(386 S. E. (2d) 627)

Supreme Court

*Assistant Atty. Gen Richard P. Wilson,* Columbia, *for appellant.*

*James R. Gilreath,* Greenville, *Henry Hammer,* Columbia, and *John C. Lindsay, Sr.,* Bennettsville, *for respondent.*

Submitted Oct. 19, 1989.

Decided Dec. 4, 1989.

FINNEY, Justice:

Appellant, State Board of Medical Examiners, appeals a circuit judge's order denying its Motion to Dismiss for lack of jurisdiction.

Respondent, Joseph Newsom, Sr., M.D., was found guilty of professional misconduct in accordance with provisions of S. C. Code Ann. § 40-47-200 (Supp. 1988). Respondent filed a Petition for Review in the Chesterfield County Court of Common Pleas. Thereafter the appellant moved to have the Petition for Review dismissed for lack of jurisdiction. The circuit court denied appellant's motion. We affirm.

It is undisputed that the disciplinary action against the respondent was brought pursuant to § 40-47-200. Section 40-47-200 reads as follows:

> 40-47-200. Suspension or revocation of license; other disciplinary action.
> Any decision by the board to *revoke, suspend, or otherwise restrict a license or to limit or otherwise discipline a licensee* must be by majority vote of the total membership of the board. Any licensee against whom *disciplinary* action is taken pursuant to the provisions of

this article has the right to judicial review. Any disciplinary action is *subject to review by the circuit court* upon petition filed by the licensee upon the secretary of the board *within thirty days* from the date of delivery of the board's decision to the licensee.... (Emphasis added.)

Appellant seeks to invoke the provisions of S. C. Code Ann. § 40-47-170 in support of its contention that review of the agency decision should be within the jurisdiction of the resident or presiding judge of the Richland County Court of Common Pleas. This section reads as follows:

40-47-170. Review of action of Board. Any action of the Board relating to the *granting, refusal or cancellation of a license,* or any other official action of the Board relating to a license or licensee hereunder, shall be subject to review *by the resident or presiding judge of the Richland County Court of Common Pleas* on the record of the Board, as in certiorari, upon petition of the applicant or licensee within *ten days* from receipt of official notice from the Board of the action of which review is sought. (Emphasis added.)

We find that § 40-47-170 is not controlling because it is distinguishable from § 40-47-200 in the following respects:

First, § 47-47-170 does not relate to disciplinary actions. It relates to the *granting, refusal* or *cancellation* of a license, or any other official action of the Board relating to a license; as distinguished from § 40-47-200, which specifically relates to *disciplinary action* against a licensee, for which the punishment includes revocation, suspension or restriction of a license.

Second, § 40-47-170 specifies that review of the agency decision shall be by the resident or presiding judge of the Richland County Court of Common Pleas, whereas § 40-47-200 does not specify in which circuit court the agency decision may be reviewed, but simply states that review may be had by the circuit court. As stated in *1972 Capri, Id. GAECMRH7509, v. South Carolina Dept. of Highways & Public Transportation,* 274 S. C. 88, 261 S. E. (2d) 307 (1979):

... In the absence of specific statutory direction as to

where a proceeding of this kind shall be brought, we hold review of the agency decisions may be had in any circuit court so long as the chosen forum is neither arbitrary nor unreasonable.

Third, § 40-47-170 requires that the application for review must be filed or served within *ten* days after notice of the Board action, as distinguished from § 40-47-200, which provides for thirty days within which the petition for review must be served.

It is apparent that § 40-47-200 provides for one procedure in disciplinary actions for which the punishment is revocation, suspension or restriction of a license, whereas § 40-47-170 provides for a different procedure for the granting, refusal or cancellation of a license. Both may be given effect without irreconcilable conflict. The decision of the trial court is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.